947 F.2d 955
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ying SHEN, Plaintiff-Appellant,
v.
OKLAHOMA STATE DEPARTMENT OF HEALTH, Defendant-Appellee.
 No. 90-6280.
 United States Court of Appeals, Tenth Circuit.
 Oct. 24, 1991.
 
 Before McKAY, Chief Judge, EBEL, Circuit Judge, and SAFFELS,* District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Ying Shen sued the Defendant Oklahoma State Department of Health alleging age discrimination in employment in violation of 29 U.S.C. §§ 621-634 (ADEA) and race discrimination in employment in violation of 42 U.S.C. § 1200e-16 (Title VII). Plaintiff's ADEA claim was tried to a jury, and her Title VII claim was simultaneously tried to the court. The jury returned a verdict of no discrimination based on age. Plaintiff appeals the court's conclusion that Defendant had not engaged in intentional disparate treatment of Plaintiff based on race.
 
 
 3
 Plaintiff, a Chinese-American, has been employed by Defendant in a Chemist I classification since 1980. On several occasions during the course of her employment, Plaintiff applied for promotion to Chemist II positions which were subsequently filled by other applicants. Defendant asserts, and Plaintiff does not refute, that the positions she applied for required a high degree of teamwork thus requiring an ability to work well with others. According to Defendant, throughout Plaintiff's employment history she had exhibited difficulty in getting along with her coworkers. Plaintiff admitted during her direct examination at trial that her coworkers did not "get along well with her" because she monitored and reported their errors and omissions. Tr. at 122.
 
 
 4
 "[A] finding of intentional discrimination, or a finding of no intentional discrimination, is subject to the clearly erroneous standard of review." Ortega v. Safeway Stores, Inc., Nos. 91-1050 and 91-1076, slip op. at 17 (10th Cir. Aug. 30, 1991) (1991 WL 165464). When a case is fully tried, as here, we need only consider whether Plaintiff proved that she was a victim of intentional racial discrimination. Id. at 16. The district court concluded that neither party provided the best evidence at trial. There was no testimony from Plaintiff's supervisor or from any of Plaintiff's coworkers. R.Vol. I, Tab 77 at 5. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985).
 
 
 5
 Plaintiff asserts that the district court erred (1) in failing to conclude that Plaintiff's inability to get along with her coworkers was a pretext for racial discrimination; (2) in failing to conclude that discouraging her supervisor from giving her a satisfactory rating in work relations was a pretext for racial discrimination; (3) in failing to infer that hiring of less qualified white employees for positions Plaintiff applied for constituted racial discrimination; and (4) in failing to infer that Plaintiff's promotion shortly before trial was a pretext for racial discrimination.[1]
 
 
 6
 In order to establish a prima facie case of racial discrimination under Title VII, the Plaintiff must show that (1) she is a member of a racial minority; (2) she applied for and was qualified for an available position; (3) she was rejected for the position despite her qualifications; and (4) the employer continued to seek applicants of like qualifications to fill the open position. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir.1991). The district court held that plaintiff adequately established a prima facie case of racial discrimination in that she applied for positions which were later filled by equally or less qualified white persons. We do not review this determination. See United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715 (1983) (when defendant has proffered legitimate, nondiscriminatory reasons for its actions, whether or not plaintiff made out a prima facie case is no longer relevant); Pitre v. Western Elec. Co., 843 F.2d 1262, 1266 (10th Cir.1988) ("Once the district court makes the ultimate determination as to whether the employer violated the statute, its legal conclusions in regard to the first two stages of evaluating the evidence become irrelevant on appeal.").
 
 
 7
 The district court further found that the Defendant articulated a legitimate, nondiscriminatory reason for its advancement decisions. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). Defendant stated that Plaintiff's inability to get along with her coworkers precluded her from consideration for the positions. We conclude, as did the district court, that Defendant's proffered reason is "specific and reasonable and suffice[s] to rebut the presumption of discrimination created by plaintiff's prima facie case." Drake, 927 F.2d at 1160; see also McAlester v. United Air Lines, Inc., 851 F.2d 1249, 1260 (10th Cir.1988). Defendant's explanations and Plaintiff's own testimony regarding her inability to get along with her coworkers support the reasonableness of Defendant's reason for the disparate treatment. "[T]he employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." Burdine, 450 U.S. at 257.
 
 
 8
 If defendant succeeds in rebutting the presumption of discrimination, the burden than shifts back to plaintiff to "prove by a preponderance of all the evidence in the case that the legitimate reasons offered by the defendant were a pretext for discrimination." Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 986 (1988); see also McDonnell Douglas, 411 U.S. at 805 n. 18. "Plaintiff may meet this burden directly by a showing that racial discrimination actually motivated the defendants, or indirectly by demonstrating that the defendants' reasons are unworthy of belief." Drake, 927 F.2d at 1160 (citing Carey v. United States Postal Serv., 812 F.2d 621, 626 (10th Cir.1987)).
 
 
 9
 Plaintiff failed to present any direct evidence that the defendant's actions were discriminatory. Looking to indirect proof, Plaintiff offered no statistical evidence indicating that other employees or job applicants had received similar disparate treatment. McAlester, 851 F.2d at 1261. Plaintiff's case was lacking in fact, testimony, or statistical evidence to support her claim of pretext. See Drake, 927 F.2d at 1160.
 
 
 10
 Plaintiff failed to offer sufficient evidence to meet her burden of proving that Defendant's reasons were a pretext for discrimination. Therefore, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff raises an issue related to the jury's verdict on the age discrimination claim, but fails to argue the issue in her brief. Consequently, we deem the issue abandoned. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir.1990)