7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Iyo E. NSIKAK, Plaintiff-Appellant,
v.
UNION OIL COMPANY OF CALIFORNIA, doing business as Unocal
and Unocal Oil & Gas Division, a foreign
corporation, Defendant-Appellee.
 No. 93-6079.
 United States Court of Appeals, Tenth Circuit.
 Oct. 4, 1993.
 ORDER AND JUDGMENT[1]
 
 1
 Before LOGAN and BRORBY, Circuit Judges, and KANE,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Iyo E. Nsikak, a black man from Nigeria, appeals the magistrate judge's grant of summary judgment in favor of defendant-appellee Union Oil Co. of California (Unocal). Alleging that he had been refused employment based on his race and/or national origin, plaintiff brought this action pursuant to 42 U.S.C.1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e. By consent of the parties the matter was submitted to a magistrate judge, see 28 U.S.C. 636(c), who found plaintiff's evidence insufficient to create a triable issue as to whether Unocal's reasons for rejecting his application were pretextual. We exercise jurisdiction under 28 U.S.C. 636(c)(3), and affirm.
 
 
 4
 We review summary judgment decisions de novo, applying the same standards employed by the district court under Fed.R.Civ.P. 56(c). Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). Summary judgment is appropriate when, viewing the record in the light most favorable to the nonmoving party, "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Id. The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).
 
 
 5
 In September 1990, Unocal advertised that it was seeking three plant operators to start up and operate the newly constructed Bruner Gas Sweetening and Sulphur Recovery facility. To obtain an interview, applicants were required to have a minimum of two years' experience in gas processing operations. Based on his previous experience, plaintiff telephoned Unocal and was given an appointment for an interview and directions to the plant. According to plaintiff, he was directed to a location approximately sixteen miles from the actual plant. Upon discovering the mistake, he located the Unocal plant, was interviewed briefly by Robert Wright, and was asked to leave a copy of his resume. In October 1990, he was notified that his application had been rejected. The three successful applicants were white.
 
 
 6
 To assert a valid claim under 1981 or for disparate treatment under Title VII, plaintiff must prove that he was subjected to intentional discrimination. See Patterson v. McLean Credit Union, 491 U.S. 164, 186 (1989) (1981); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981) (Title VII). Such proof is required in both types of claims pursuant to the burden-shifting scheme developed in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). Id.
 
 
 7
 Under this framework, plaintiff had the initial burden of proving a prima facie case of discrimination. The district court found, and we agree, that plaintiff's evidence was sufficient to meet this burden, showing that (1)he is a member of a protected class; (2)he applied and was qualified for the position of plant operator; (3)despite his qualifications, he was rejected; and (4)Unocal filled the positions with white employees. See Patterson, 491 U.S. at 186-87. An inference of discrimination thus arose, shifting the burden to Unocal to produce evidence that plaintiff's application was rejected for a legitimate, nondiscriminatory reason. Id. at 187.
 
 
 8
 Unocal claimed that it rejected plaintiff's application because he was not the best qualified for the job. In support of this justification, it submitted evidence showing that (1)plaintiff had never worked in gas sweetening or sulphur recovery, whereas the three successful applicants each had a minimum of three years' experience in these operations; (2)plaintiff had no experience working with hydrogen sulfide, which is highly toxic, whereas the three successful applicants had worked with the substance for several years; (3)plaintiff had never commissioned and started up a new gas processing plant, whereas the three successful applicants had been involved with the commissioning and starting up of similar gas plants; and (4)plaintiff's only experience in gas plant operations occurred more than a decade prior to his interview, whereas the selected applicants had much more recent experience. In addition, Wright indicated in both his notes and his affidavit that plaintiff did not demonstrate a general knowledge of gas plant operations and control systems. Unocal unquestionably submitted sufficient evidence to demonstrate a legitimate, nondiscriminatory reason for not hiring plaintiff.
 
 
 9
 The burden then shifted back to plaintiff to produce evidence that Unocal's proffered reasons were merely pretextual and that, in reality, his application was denied because of his race or national origin. Patterson, 491 U.S. at 187. Plaintiff may meet this burden directly, by showing that racial discrimination actually motivated Unocal, or indirectly, by demonstrating that Unocal's reasons were unworthy of belief. Burdine, 450 U.S. at 256; Drake v. City of Fort Collins, 927 F.2d 1156, 1160 (10th Cir.1991). Pretext may be shown indirectly through a variety of evidence, including: the employer's general policy and practice as to minority employment; the employer's prior treatment of the applicant; the employer's use of subjective criteria, especially when evaluating candidates that are not objectively equally qualified; and proof that the applicant is more qualified than those actually chosen for the position. See Patterson, 491 U.S. at 187-88; McDonnell Douglas Corp., 411 U.S. at 804-05; Drake, 927 F.2d at 1160; Colon-Sanchez v. Marsh, 733 F.2d 78, 81 (10th Cir.), cert. denied, 469 U.S. 855 (1984).
 
 
 10
 Plaintiff presented no evidence of Unocal's discriminatory motives or its minority employment history. Instead, he relied only on the allegations that he was misdirected as to the plant location, was given a short and, in his opinion, incomplete interview, and that his qualifications were sufficient to fill the position. We conclude that this evidence does not create a factual issue as to whether Unocal's reasons were pretextual.
 
 
 11
 The record shows that plaintiff had never started up and operated a gas sweetening and sulfur recovery plant, whereas each of the successful applicants had done so recently. Objectively, therefore, the three successful applicants had qualifications that plaintiff lacked. Even if we accept plaintiff's argument that his experience in a different process, gas dehydration, and his educational background rendered him equally qualified, "[w]e have held that where applicants are equally qualified, it is within the employer's discretion to choose among them so long as the decision is not based on unlawful criteria." Colon-Sanchez, 733 F.2d at 82. Moreover, "[a]s courts are not free to second-guess an employer's business judgment, this assertion [that plaintiff was equally qualified] is insufficient to support a finding of pretext." Branson v. Price River Coal Co., 853 F.2d 768, 772 (10th Cir.1988); see also Fallis v. Kerr-McGee Corp., 944 F.2d 743, 747 (10th Cir.1991) (holding that mere disagreement with an employer's evaluation of which geologists were best qualified, standing alone, could not support a finding of pretext).
 
 
 12
 The fact that plaintiff was misdirected to the interview, or that his interview was brief, does not require the conclusion that he was not hired due to his race or national origin. Moreover, plaintiff's arguments concerning discrepancies between the successful applicants' resumes and Unocal's characterization of their qualifications are either insignificant or inaccurate. We conclude that the magistrate judge did not err in granting summary judgment in favor of Unocal on the question of pretext.
 
 
 13
 We do not address plaintiff's argument concerning Oklahoma's public policy statute because it was not presented to the magistrate judge when summary judgment was granted. This court will not decide an issue raised for the first time on appeal. See Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir.1991) (exceptions to general rule that an appellate court will not consider an issue raised for the first time on appeal are rare).
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation