16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Barbie SNYDER, Defendant-Appellant.
 No. 93-8070.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 15, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 
 1
 James Barrie Snyder appeals from the district court's denial of his motion under 28 U.S.C. 2255 to vacate, set aside, or correct his sentence. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Snyder was convicted on February 7, 1990, of conspiracy to possess LSD with intent to distribute and of using juveniles to distribute LSD. He was sentenced to a term of ninety-seven months imprisonment. On direct appeal, Mr. Snyder raised four instances of alleged error, among which were claims of insufficient evidence to support his conviction and improper calculation of his sentence under the United States Sentencing Guidelines. We rejected Mr. Snyder's claims and affirmed his conviction and sentence. United States v. Snyder, 937 F.2d 617 (table), 1991 WL 132427 (10th Cir.1991).
 
 
 3
 Mr. Snyder next brought his motion pursuant to 28 U.S.C. 2255. In the district court, Mr. Snyder raised two issues: that the sentence was "obtained on use of improper evidence and testimony" and that the amount of LSD was improperly computed under the Sentencing Guidelines. (R. Vol. I Doc. 1 at 2 and 7.) The district court rejected both of Mr. Snyder's claims, (R. Vol. I. Doc. 5), and Mr. Snyder appeals.
 
 
 4
 On appeal, Mr. Snyder argues, first, that insufficient evidence was presented to support a conviction of conspiracy and second, that the trial court improperly calculated the weight of the LSD for purposes of applying the Sentencing Guidelines. Each of these claims was raised and disposed of in Mr. Snyder's direct appeal. See Snyder, 1991 WL at * * 4-5. Absent an intervening change in the law, issues disposed of on direct appeal generally will not be considered on collateral attack pursuant to 2255. United States v. Cook, 997 F.2d 1312, 1318 n. 6 (10th Cir.1993); United States v. Pritchard, 875 F.2d 789, 791 (10th Cir.1989). Because there has been no change in the applicable law, we do not address these issues.
 
 
 5
 Because Mr. Snyder filed his appeal pro se, we consider his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir.1991). In his arguments concerning the sufficiency of the evidence of conspiracy presented at trial, Mr. Snyder states that he "neve[r][sic] reflected for the record, via taking the stand on his behalf, this [sic] was the behest and advice of his then counsel. Appellant emphatically states that the dire consequences of his current incarceration stem directly from this error in judgment." (Appellant's Br. at 4s.) Mr. Snyder further states that he "has been unjustly prejudiced in his defense by his counsel's discretion not to testify." (Appellant's Br. at 6s-7s.) Similarly, Mr. Snyder argues in his Reply Brief that he "has suffered the grievance of loss of liberty due to his silence and the fatal decisions of his counsel. Not of his own." (Appellant's Reply Br. at 3.) While not set forth as a separate claim, we construe these statements to allege that the decision not to have Mr. Snyder testify constituted a denial of effective assistance of counsel.[2]
 
 
 6
 To establish a claim of ineffective assistance of counsel, a defendant must show that his attorney's performance was not "within the wide range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985). In evaluating counsel's performance, we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Strickland v. Washington, 466 U.S. 668, 689 (1984) (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The defendant must also show that he was prejudiced by the alleged lack of competence. Strickland, 466 U.S. at 687. This standard requires the defendant to show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. Mr. Snyder does not allege that his decision not to testify was involuntary or that he was denied the opportunity to present significant new evidence; rather, he merely states that had he testified, he would have contradicted the testimony of other witnesses. Given the standard for finding ineffective assistance of counsel, we cannot conclude that the decision not to testify rose to the level of ineffective assistance of counsel.
 
 
 7
 Accordingly, we AFFIRM the district court's denial of Mr.Snyder's 2255 motion.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court did not address this claim, probably because it did not realize that Mr. Snyder had raised the issue. Only through a careful review of Mr. Snyder's brief before the district court, coupled with ample use of a dictionary and Roget's Thesaurus, were we able to discern the issue, which was reflected in Mr. Snyder's statement that
 [t]his new evidence was not introduced at the trial stage, by jury, of which Movant was duly found guilty of three (3) Counts due to his own nescience and possibly that of his retained counsel at that epoch. Imprimis, is that upon advice of counsel the Movant did not testify on his own behalf, in any capacity, during the trial by his peers. Movant has now been incarcerated for 2 plus (2k) years, and reminiscence, coupled with access to case law/legal publications has surfaced favorable contentions that shall be expounded on in detail lessening the culpability of this Movant by significant degrees.
 (R. Vol. I. Doc. 1 at 2.) We therefore conclude that Mr. Snyder did raise the issue of ineffective assistance of counsel before the district court, and we hold that this issue is properly before us.