927 F.2d 1156
 55 Fair Empl.Prac.Cas. 600,
56 Empl. Prac. Dec. P 40,612, 19 Fed.R.Serv.3d 930
 Raymond J. DRAKE, Plaintiff-Appellant,
v.
CITY OF FORT COLLINS; Steve Burkett; Mike Powers; Bruce
Glasscock; Jaime Mares; Howard "Bud" Reed; Don Vagge;
Larry Estrada; Ed Stoner; Gerry Horak; Susan Kirkpatrick;
Chuck Mabry; Loren Maxey; Bob Winokur, Defendants-Appellees.
 No. 90-1026.
 United States Court of Appeals,
Tenth Circuit.
 March 13, 1991.
 
 Raymond J. Drake, pro se.
 Kent N. Campbell, Anderson, Sommermeyer, Wick & Dow, Fort Collins, Colo., for defendants-appellees.
 Before LOGAN, MOORE and BALDOCK, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 Plaintiff Raymond J. Drake possesses considerable experience in law enforcement. Responding to a newspaper advertisement, he applied for employment to the police department of the City of Fort Collins, Colorado, in October 1987. Fort Collins requires police officer applicants to have two years of college education. Plaintiff's application indicated that he did not have the required two years of college, and his application was rejected at the outset. During the 1987 hiring period, 418 persons applied to be Fort Collins police officers;[1] eight were black. Of the black applicants, only plaintiff was rejected as a result of the two-year college requirement.[2]
 
 
 2
 After the elimination of those without two years of college, the remaining applicants were allocated points based on education and law enforcement experience. Finally, a cutoff level for points was chosen, and applicants possessing points equal to or above that level were allowed to take the written examination. For the 1987 hiring period, the point cutoff level was set at thirty-five points.[3] Six of the black applicants were eliminated because they had less than thirty-five points. The single remaining black applicant failed the City's written examination.
 
 
 3
 Plaintiff sued the City of Fort Collins, several of its council members, and particular officers and employees of the City and its police department, alleging violations of 42 U.S.C. Sec. 2000e-2 (Title VII of the Civil Rights Act of 1964) and various constitutional rights in connection with the City's rejection of his application for employment by the Fort Collins police department. Plaintiff, who is black, complains, in essence, that he has been the subject of racial discrimination.
 
 
 4
 Plaintiff is pro se, and we construe his pleadings liberally pursuant to Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). His original complaint clearly and articulately sets out his claims. He requested relief under 42 U.S.C. Secs. 1981, 1983, 1985(3), and 1986 based on alleged violations of and conspiracy to violate his due process and equal protection rights. He asserted violations of his rights under Title VII, alleging racial discrimination, made a claim under 42 U.S.C. Sec. 1988 for attorney's fees, and also pressed various state law claims.
 
 
 5
 Upon defendants' motion, the district court dismissed, apparently under Fed.R.Civ.P. 12(b)(6), all of plaintiff's claims except those asserted under Title VII. It ordered plaintiff to amend his complaint, restricting his cause of action to Title VII. Following discovery and cross-motions for summary judgment on plaintiff's amended complaint, the district court granted summary judgment to defendants on plaintiff's Title VII claims. Plaintiff appeals.
 
 
 6
 Plaintiff does not appeal the district court's dismissal of his Sec. 1988 claim and his pendent state claims. Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues. Dunn v. White, 880 F.2d 1188, 1197 (10th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 871, 107 L.Ed.2d 954 (1990). Accordingly, our jurisdiction does not extend to matters omitted on appeal. Cunico v. Pueblo School Dist. No. 60, 917 F.2d 431, 444 (10th Cir.1990).
 
 
 7
 * We review plaintiff's Title VII claims de novo, applying the same standard as the district court on summary judgment: whether any genuine issue of material fact is in dispute, and, if not, whether the substantive law was correctly applied. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990).
 
 
 8
 Plaintiff has asserted claims under both principal Title VII approaches: the "disparate impact" and "disparate treatment" theories. "[A] claim of disparate treatment ... embod[ies] a situation where 'the employer simply treats some people less favorably than others because of their race, color, religion or national origin.' A claim of disparate impact exists when 'employment practices that are basically neutral in their treatment of different groups in fact fall more harshly on one group than another....' " Coe v. Yellow Freight Sys., Inc., 646 F.2d 444, 448 (10th Cir.1981) (quoting International Bhd. of Teamsters v. United States, 431 U.S. 324, 335, 97 S.Ct. 1843, 1854, 52 L.Ed.2d 396 (1977) (citation omitted)).
 
 
 9
 * To establish a prima facie case of intentional racial discrimination under Title VII, plaintiff must show that:
 
 
 10
 1) he is a member of a racial minority;
 
 
 11
 2) he applied and was qualified for an available position;
 
 
 12
 3) he was rejected despite those qualifications; and
 
 
 13
 4) the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications.
 
 
 14
 McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); see McAlester v. United Air Lines, 851 F.2d 1249, 1260 (10th Cir.1988) (McDonnell Douglas "establishes the model of proof for an individual disparate treatment case.").
 
 
 15
 Under the disparate treatment theory, the thrust of plaintiff's case is that, compared with other like-qualified applicants, plaintiff was treated differently because of his race. It is not the employment practice itself that is being challenged, but its allegedly discriminatory application. Plaintiff alleges, and the evidence shows, that two white applicants, Boal and Svoboda, were allowed to take the written examination although neither of them had the required two years of college education.
 
 
 16
 Initially, we disagree with the district court's suggestion that plaintiff may not have established a prima facie case because the City of Fort Collins did not continue to recruit new applicants after plaintiff's rejection. While technically the application period was closed, it is undisputed that the City continued to screen its applicants to fill remaining available positions on the police force, including applicants Boal and Svoboda, who, like plaintiff, lacked the required two years of college. We conclude that plaintiff has made out a prima facie case of racial discrimination under the disparate treatment theory. Satisfaction of the McDonnell Douglas elements creates a presumption of discrimination. Patterson v. McLean Credit Union, 491 U.S. 164, 187, 109 S.Ct. 2363, 2378, 105 L.Ed.2d 132 (1989); Coe, 646 F.2d at 449.
 
 
 17
 Once plaintiff has established a prima facie case under this theory, the burden of production shifts to defendants to rebut the presumption of discrimination. Carey v. United States Postal Serv., 812 F.2d 621, 624 (10th Cir.1987). Defendants can meet their burden by disputing the plaintiff's facts, or by articulating a nondiscriminatory reason for the disparity of treatment. McAlester, 851 F.2d at 1260. The defendants' explanation of their legitimate reasons must be clear and reasonably specific. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 258, 101 S.Ct. 1089, 1096, 67 L.Ed.2d 207 (1981).
 
 
 18
 Defendants' affidavit testimony here shows that white applicants Boal and Svoboda were Fort Collins community service officers, and that the chief of police had promised, before Fort Collins adopted the two-year college requirement, that they would be allowed to test for police officer openings. Defendants also state that they waived the college requirement for Fort Collins community service officers because they had adequate opportunity to observe the work habits and performance of those potential applicants. Defendants' reasons are specific and reasonable and suffice to rebut the presumption of discrimination created by plaintiff's prima facie case.
 
 
 19
 The burden then shifts back to plaintiff, who must then show that the defendants' reasons are a pretext for discrimination, i.e., the proffered reasons were not the true reasons for the hiring decision. Carey, 812 F.2d at 625. "[T]his burden 'now merges with the ultimate burden of persuading the court that [appellant] has been the victim of intentional discrimination.' " Id. at 625-26 (quoting Burdine, 450 U.S. at 256, 101 S.Ct. at 1095). Plaintiff may meet this burden directly by a showing that racial discrimination actually motivated the defendants, or indirectly by demonstrating that the defendants' reasons are unworthy of belief. Id. at 626. In a summary judgment setting, the plaintiff must raise a genuine factual question as to whether defendants' reasons are pretextual. Lowe v. City of Monrovia, 775 F.2d 998, 1008 (9th Cir.1985), modified, 784 F.2d 1407 (9th Cir.1986). Plaintiff can make an indirect showing of pretext with statistical evidence or examples of others receiving disparate treatment. McAlester, 851 F.2d at 1261. Plaintiff's disparate treatment claim must fail at this point, because he has not presented sufficient evidence to meet this burden.
 
 
 20
 Plaintiff has presented no direct evidence of discriminatory motive, nor has he disputed defendants' facts. He also fails to present other indirect evidence which creates a doubt as to defendants' motives in allowing the two white community service officers to take the written examination. Plaintiff attempts to show a general practice of discrimination by the City and its police force by alleging discriminatory treatment of the other black applicants, and alleging disparate impact resulting from other hiring practices used by defendants. However, defendants have met each of plaintiff's discriminatory treatment allegations with rational and neutral explanations, which plaintiff has not met with any showing of pretext.[4] Additionally, plaintiff's disparate impact arguments lack statistical or factual support. Because plaintiff's allegations do not constitute evidence of discriminatory intent or impact, they are insufficient to raise factual questions about the defendants' motives in allowing Boal and Svoboda to take the written examination. Therefore, they do not suffice as evidence of pretext.
 
 
 21
 When plaintiff fails to offer sufficient evidence to meet his burden, "no genuine issue of material fact exists as to the pretext issue." Carey, 812 F.2d at 626. Therefore, summary judgment was appropriate on plaintiff's disparate treatment claim. See id.[5]
 
 B
 
 22
 "[T]he necessary premise of the disparate impact approach is that some employment practices, adopted without a deliberately discriminatory motive, may in operation be functionally equivalent to intentional discrimination." Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 987, 108 S.Ct. 2777, 2785, 101 L.Ed.2d 827 (1988). In his disparate impact claim, plaintiff must show that an identified hiring practice "has a substantial adverse impact on a group protected by Title VII." Lowe, 775 F.2d at 1004 (citing Griggs v. Duke Power Co., 401 U.S. 424, 431, 91 S.Ct. 849, 853, 28 L.Ed.2d 158 (1971)). Statistics may be used to show an unfair impact resulting from the complained of practice. See Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 650, 109 S.Ct. 2115, 2121, 104 L.Ed.2d 733 (1989); Hawkins v. Bounds, 752 F.2d 500, 503 (10th Cir.1985).
 
 
 23
 Plaintiff's disparate impact claim fails because he has not met his initial burden. In both his original and amended complaints, plaintiff identifies the two-year college requirement as the discriminatory practice.[6] The undisputed facts show that, during the relevant hiring period, he alone of all black applicants was rejected on the basis of this requirement. A sample of one is too small to demonstrate significant impact. See Thomas v. Metroflight, Inc., 814 F.2d 1506, 1509 (10th Cir.1987).
 
 
 24
 Even were we to use the eight black applicants to the Fort Collins police force during the 1987 hiring period as the smallest possible control group, however, plaintiff's rejection results in only a 12.5% impact on black applicants. Plaintiff does not dispute defendants' evidence that more than 18% of white applicants during this hiring period were rejected because of the two-year college requirement. Because the facts show the two-year college requirement operated less harshly on black applicants than white applicants, we conclude that plaintiff failed to establish a prima facie case of disparate impact.
 
 
 25
 Only when plaintiff establishes a prima facie case does the burden shift to defendants to show business necessity. Lowe, 775 F.2d at 1004. Plaintiff failed to meet his initial burden under this theory; therefore, defendants are not required to establish the validity of the two-year college requirement. Nor are they required to consider or show consideration of alternatives to the education requirement in the absence of any evidence that this requirement is the "functional equivalent" of intentional discrimination. See Watson, 487 U.S. at 987, 108 S.Ct. at 2785.
 
 
 26
 When plaintiff fails to make a showing on a necessary element of his case on which he has the burden of proof, summary judgment is proper. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).
 
 II
 
 27
 The district court, in its order of December 23, 1988, dismissed plaintiff's remaining constitutional claims on the grounds that "Title VII provides the exclusive federal remedy for the defendants' alleged discriminatory treatment of the plaintiff." District Court Order of December 23, 1988, at 3. Plaintiff argues that Title VII is not an exclusive remedy for his claims, and, based on recent case law, we agree. Despite earlier cases suggesting that Title VII was an exclusive remedy, see Reiter v. Center Consol. School Dist. No. 26-JT, 618 F.Supp. 1458, 1463 (D.Colo.1985), later cases distinguished suits brought in which a distinct right, separate from those rights created by Title VII, is the basis for a separate constitutional challenge. See, e.g., Starrett v. Wadley, 876 F.2d 808, 814 (10th Cir.1989) (acknowledging concurrent application of 42 U.S.C. Sec. 1983 and Title VII when plaintiff alleged violations of First and Fourteenth Amendments); Brown v. Hartshorne Pub. School Dist. No. 1, 864 F.2d 680, 682-83 (10th Cir.1988) (Congress did not intend that Title VII preclude suit under 42 U.S.C. Sec. 1983). But a plaintiff must have an independent basis for claims outside of Title VII, "lest Congress' prescribed remedies under Title VII be undermined." Starrett, 876 F.2d at 813.
 
 
 28
 Plaintiff, in his original complaint, alleges that his due process and equal protection rights were violated, and requests remedies for those alleged violations under Secs. 1981 and 1983. Therefore, he has alleged an independent basis for those claims. To the extent his factual allegations state a claim under these statutes, the district court erred in dismissing them.
 
 
 29
 * Cases establish that, in racial discrimination suits, the elements of a plaintiff's case are the same, based on the disparate treatment elements outlined in McDonnell Douglas, whether that case is brought under Secs. 1981 or 1983 or Title VII. Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285-86 (4th Cir.1985); see McAlester, 851 F.2d at 1260 (applying McDonnell Douglas elements to Sec. 1981 case); Patterson, 109 S.Ct. at 2378 (same). Disparate impact claims that do not "raise a presumption of discriminatory purpose" are "insufficient to sustain a cause of action under sections 1981 and 1983." New Mexico ex rel. Candelaria v. City of Albuquerque, 768 F.2d 1207, 1209 (10th Cir.1985). Because plaintiff's Title VII disparate treatment and disparate impact claims failed, so would his claims under Secs. 1981 and 1983. Therefore, as to those claims, the district court's error was harmless. See U.S. Indus. v. Touche Ross & Co., 854 F.2d 1223, 1252-53 (10th Cir.1988).
 
 B
 
 30
 As to plaintiff's conspiracy claims under Secs. 1985(3) and 1986, the district court dismissed, citing Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). Novotny held that, unlike Secs. 1981 and 1983, Sec. 1985(3) "creates no rights," id. at 376, 99 S.Ct. at 2351 (emphasis in original), and it may not be invoked to redress violations of Title VII, id. at 378, 99 S.Ct. at 2352.
 
 
 31
 "It is true that a Sec. 1985(3) remedy would not be coextensive with Title VII, since a plaintiff in an action under Sec. 1985(3) must prove both a conspiracy and a group animus that Title VII does not require. While this incomplete congruity would limit the damage that would be done to Title VII, it would not eliminate it. Unimpaired effectiveness can be given to the plan put together by Congress in Title VII only by holding that deprivation of a right created by Title VII cannot be the basis for a cause of action under Sec. 1985(3)."
 
 
 32
 Id. The district court stated that the plaintiff's Secs. 1985 and 1986 claims "do not appear to be independent of his Title VII claim." R. tab 6, at 4. We have examined the complaint carefully and hold that the allegations of the complaint are not specific enough to provide any independent source to support a Sec. 1985(3) claim. See Clulow v. Oklahoma, 700 F.2d 1291, 1303 (10th Cir.1983). 42 U.S.C. Sec. 1986 creates liability on the part of persons who "refus[e] to take positive action where the circumstances demand to prevent acts which give rise to a [Sec. 1985(3) conspiracy] cause of action...." Taylor v. Nichols, 558 F.2d 561, 568 (10th Cir.1977). Therefore, the claim under Sec. 1986 falls if the Sec. 1985(3) claim is insufficient. We affirm the dismissal of the claims under those two sections.
 
 C
 
 33
 On appeal, plaintiff adds the following issues for our consideration. First, plaintiff complains that the district court erred when it failed to compel answers to outstanding interrogatories and production of all of the applications submitted to the Fort Collins police department in the 1987 hiring period. We review the district court's discovery ruling for an abuse of discretion. Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1514 (10th Cir.1990). Plaintiff argues that because the court, in its summary judgment ruling for defendants, used statistics based on those applications, the court's failure to compel the applications deprived him of highly relevant information. Plaintiff makes no claims about the relevance of the unanswered interrogatories. Under Fed.R.Civ.P. 56(f), to obtain specific discovery after a summary judgment motion, plaintiff must show how the information he seeks will allow him to rebut the defendants' allegations. Lewis v. City of Fort Collins, 903 F.2d 752, 759 (10th Cir.1990); Jones v. City & County of Denver, 854 F.2d 1206, 1211 (10th Cir.1988). This plaintiff has failed to do. Therefore, we see no abuse in the district court's decision. Dreiling v. Peugeot Motors of Am., Inc., 850 F.2d 1373, 1376-77 (10th Cir.1988).
 
 
 34
 Second, following defendants' motions for summary judgment, plaintiff filed two motions requesting leave to amend his complaint. Although he did not attach a copy of his proposed amended complaint, his second motion describes specific claims and allegations he wishes to include. Motions to amend under Fed.R.Civ.P. 15 should be granted freely when justice requires. Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir.1990). The decision whether to grant a motion to amend is left to the sound discretion of the district court. Id. Here, we believe that the district court's order dismissing plaintiff's complaint impliedly denied his motions to amend. Although the court gave no reasons for its denial, see Federal Ins. Co. v. Gates Learjet Corp., 823 F.2d 383, 387 (10th Cir.1987), it is apparent from plaintiff's motions that the requested amendments could not cure the defects in his complaint. We hold that the court's failure to give reasons was harmless error.
 
 
 35
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Plaintiff challenges disparities in defendants' various affidavits describing the number of applicants in the 1987 hiring season. However, the numbers varied only slightly and were corrected by supplemental affidavit. These small factual differences do not create a genuine issue for trial
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 Plaintiff does not challenge this determination
 
 
 [4]
 Plaintiff's allegations that two black women had received at least thirty-five points and were not permitted to take the test, were refuted by affidavits of police officials, asserting that the two applicants received less than thirty-five points and showing how those calculations were made pursuant to the established criteria used for all applicants during the 1987 hiring period. Plaintiff did not present any evidence to the contrary, nor did he ever address the issue again
 
 
 [5]
 We note that the two white community service officers without the requisite two years of college both failed the examination and were not hired. This is not relevant to our decision except as some evidence that the testing process was not manipulated to favor them
 
 
 [6]
 Although plaintiff's subsequent briefs complain about other practices employed by the Fort Collins police department further in the hiring process, they were not initially identified in his complaint. See Wards Cove, 490 U.S. at 656, 109 S.Ct. at 2124 (plaintiff must identify the specific practice being challenged). Additionally, he has no standing to complain about practices that did not factor into the rejection of his application. See Coe, 646 F.2d at 451