968 F.2d 19
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Emma K. ALEXANDER, Plaintiff-Appellant,
v.
Donald B. RICE, current Secretary of the Air Force,
Defendant-Appellee.
 No. 92-1010.
 United States Court of Appeals, Tenth Circuit.
 June 26, 1992.
 
 Before JOHN P. MOORE, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Emma K. Alexander appeals from a judgment dismissing her complaint for race discrimination under 42 U.S.C. § 2000e (Title VII), and age discrimination under 29 U.S.C. §§ 621-634 (the Age Discrimination in Employment Act, or ADEA). She contends that the evidence does not support the district court's findings, and that the court misapplied the law. We affirm.
 
 
 3
 Plaintiff, an African-American female who was born on December 7, 1927, was employed by the United States Air Force as a Financial Systems Specialist at grade GS-9. In June 1984, a GS-11 position became available. Plaintiff applied, but a younger white female was hired instead. Another GS-11 position became available in August 1984. Plaintiff applied again, and a forty-eight year old white female was hired instead. Plaintiff was fifty-six years old at the time.
 
 
 4
 Plaintiff filed race and age discrimination charges with the Equal Employment Opportunity Commission (EEOC), then commenced the present action. Only the August 1984 promotion decision is at issue, however, because Plaintiff failed to file a timely charge with respect to the first promotion decision. Following a trial to the court, the district court dismissed both claims of discrimination.
 
 
 5
 To establish a case of intentional racial discrimination under Title VII, a plaintiff must show that she is a member of a racial minority, that she applied and was qualified for an available position, that she was rejected despite those qualifications, and that the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications.[1] Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir.1991). Proof of a prima facie case creates a presumption of discrimination. Id. at 1160.
 
 
 6
 Once the plaintiff has established a prima facie case, the burden of production shifts to the defendant to rebut the presumption of discrimination by disputing the plaintiff's facts or articulating a nondiscriminatory reason for the disparate treatment. Id. The burden then shifts back to the plaintiff who must prove that the defendant's stated reason was a pretext for discrimination, i.e., that the proffered reason was not the true reason for the decision. Id. The plaintiff may meet this burden directly by showing that racial discrimination was the true motivation, or indirectly by showing that the proffered reason is not believable. Id.
 
 
 7
 The district court concluded that Plaintiff had established a prima facie case of racial discrimination. Defendant does not challenge this conclusion. The court further concluded that Defendant had articulated a legitimate, nondiscriminatory reason for not promoting Plaintiff: she was not the most qualified candidate.
 
 
 8
 Plaintiff attempted to prove that racial discrimination was the true motivation for her nonpromotion by offering evidence that her supervisor stated he was prejudiced on the basis of race. The court rejected this evidence because it was contradicted by testimony that the supervisor was not prejudiced. The court was particularly impressed by Olga Humphrey's testimony concerning the supervisor's lack of prejudice, noting that Humphrey was retired and therefore had no interest in the outcome of the case.
 
 
 9
 Finally, the court concluded that Plaintiff failed to prove that Defendant's proffered reason for not promoting her was pretextual. It found that Plaintiff was rated fifth out of six candidates for the position, that she did not have any letters of commendation or appreciation or awards for outstanding service prior to this opening, that she had not been promoted for sixteen years, and that her grades on annual reviews were all average. The court found that while Plaintiff was a competent employee, she was not as qualified as the person selected for the opening.
 
 
 10
 Plaintiff argues that the district court erroneously relied on Olga Humphrey's testimony because Humphrey is not retired and "is just as afraid of retaliations [sic] as other Air Force employees." Appellant's Brief, Attachment "A." She also argues that she was more qualified than the woman selected for the position.
 
 
 11
 Findings of fact in an action tried to the court "shall not be set aside unless clearly erroneous." Fed.R.Civ.P. 52(a). If an appellant intends to argue on appeal that a finding or conclusion is unsupported by or contrary to the evidence, he or she must include in the record a transcript of all evidence relevant to the finding. Fed.R.App.P. 10(b)(2). Plaintiff did not provide this court with a transcript of the testimony before the district court. We therefore must accept the district court's factual findings that Plaintiff's supervisor was not prejudiced and that Plaintiff was not promoted because she was not as qualified as the woman selected for the position. See Trujillo v. Grand Junction Regional Ctr., 928 F.2d 973, 976 (10th Cir.1991). These findings support the district court's conclusion that Plaintiff failed to prove her racial discrimination claim.
 
 
 12
 The district court also concluded that Plaintiff did not establish a prima facie case of age discrimination because the person selected for the opening was forty-eight years old and Plaintiff was fifty-six years old at the time. Plaintiff argues that promoting a member of a protected class does not disprove that a nonpromoted member of a protected class was not discriminated against, citing Pitre v. Western Elec. Co., 843 F.2d 1262, 1273 n. 6 (10th Cir.1988).
 
 
 13
 Age discrimination claims are subject to the same disparate treatment analysis as Title VII claims. MacDonald v. Eastern Wyo. Mental Health Ctr., 941 F.2d 1115, 1119 (10th Cir.1991). After a prima facie case of age discrimination is established, the plaintiff still has the ultimate burden of proving that the defendant's proffered reason for the employment decision was pretextual. Merrick v. Northern Natural Gas Co., 911 F.2d 426, 429 (10th Cir.1990). Thus, even if Plaintiff had established a prima facie case of age discrimination, her failure to prove that Defendant's proffered reason for hiring another candidate was pretextual defeats her age discrimination claim as well. We therefore need not resolve whether she established a prima facie case of age discrimination. See id. at 430 (court need not resolve whether the plaintiff established prima facie case because he failed to present evidence showing reason for termination was pretextual).[2]
 
 
 14
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 15
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In this case, the fourth element could be established by showing that another candidate who was not a member of a protected class was hired
 
 
 [2]
 Plaintiff's request to present new testimony and facts that were not brought out during trial is denied. This court reviews the evidence presented to the district court; it does not take additional evidence