**Sasha Sophie JABLONSKI, Plaintiff,**

v.

**CHAS. LEVY CIRCULATING CO., Defendant.**

No. 94 C 6059.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 14, 1996.

Burr Erich Anderson, Anderson & Franklin, Chicago, IL, Kathleen M. Sullivan, Anderson & Franklin, Chicago, IL, for plaintiff.

David Manchester Lefkow, Arnstein & Lehr, Chicago, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Plaintiff Sasha Sophie Jablonski brings this employment discrimination action under the American with Disabilities Act (ADA), 42 U.S.C. §§ 12111–12117, alleging that Defendant Chas. Levy Circulating refused to hire her due to a knee disability. Previously, we denied Levy Circulating's motion for summary judgment, but ordered supplemental briefing on one issue cursorily raised in that motion. After considering the supplemental briefs, we now deny the defendant's motion on the remaining issue.

For brevity's sake, we assume familiarity with the factual background discussed in our prior opinions. In Levy Circulating's reply brief on its earlier summary judgment motion, the defendant sketchily contended that Jablonski was not qualified for any of the jobs open during the time she applied. Accordingly, we ordered supplemental briefing on the following issue: "whether there were any positions available for which Jablonski was 'qualified,' § 12111(8), during the period of time in which the plaintiff was applying for employment with the defendant." Memorandum Op. at 8 (Dec. 21, 1995).

As evidence of available positions for which she was qualified, Jablonski points to two groups of jobs: (1) seven positions actually filled by Levy Circulating on various dates from October 1992 to May 1993; and (2) seven requisitions for jobs—presumably for positions other than those actually filled— that various supervisors submitted to Levy Circulating's human resources department from June 1992 to May 1993. The plaintiff avers that she "had the experience and the education required to perform" the Customer Service Representative and Accounts Receivable Clerk positions, and "with my education, Levy experience and a minimum of training," she could have filled the other types of available jobs. Pl.'s Aff. ¶ 3(a)–(c).

As to the seven staffing requisitions, the defendant argues in response that those positions all required a high school diploma. Indeed, the requisition forms proffered by Jablonski do express a requirement for that level of education. See Pl.'s Supp. Br., Ex. B. Because the plaintiff did not meet this requirement, Levy Circulating maintains, she was not "qualified" for these positions under the ADA:

The term "qualified individual with a disability" means an individual with a dis-

ability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.

§ 12111(8). The regulations promulgated pursuant to the ADA elaborate:

*Qualified individual with a disability* means an individual with a disability who satisfies the requisite skill, experience, *education* and other job-related requirements of the employment position such individual ... desires, and who, with or without reasonable accommodation, can perform the essential functions of such position.

29 C.F.R. § 1630.2(m) (second emphasis added). Accordingly, not only must the plaintiff be able to perform the essential job functions, with or without reasonable accommodation, she must also "meet[ ] the necessary prerequisites for the job, such as education, experience, training and the like." *Benson v. Northwest Airlines,* 62 F.3d 1108, 1111–12 (8th Cir.1995).

In the instant case, Jablonski avers that she had the "experience" and "education" to perform the seven requisitioned jobs. Pl.'s Aff. ¶ 3. However, the plaintiff fails to offer any explanation why the high school graduate requirement should not apply to her. While it is true that Jablonski was hired in 1985 without a high school degree, the seven requisitions plainly list high school comple-

tion as a requirement. Pl.'s Supp.Br., Ex. B. Without pointing to additional evidence[1] to rebut Levy Circulating's assertion that a high school degree was required for the requisitioned positions, no reasonable factfinder could determine that Jablonski was qualified for those positions.[2]

■ However, as to the first group of jobs relied upon by Jablonski—the seven positions actually filled from October 1992 to May 1993—there exists a genuine issue as to whether the plaintiff was qualified. Levy Circulating fails to point to any evidence showing that a high school diploma was required for the filled positions. Indeed, the defendant does not discuss *any* evidence regarding the qualifications of those positions.[3] In light of such a failure, Levy Circulating has failed to even meet its initial responsibility in moving for summary judgment on this basis. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

■ Finally, we reject the other arguments upon which the defendant relies. Levy Circulating asserts that the positions filled after February 1993[4]—when the plaintiff submitted her final application for a job—are irrelevant as a basis for showing that a position existed for which Jablonski was qualified. However, beyond its mere assertion, the defendant fails to provide evidence showing that the company was not taking applications for those positions in February

---

1. *Cf. Randle v. City of Aurora,* 69 F.3d 441, 453–54 (10th Cir.1995) (holding that genuine issue existed as to Associate's Degree requirement because employer hired someone without degree into the position and employer permitted experience to substitute for degree); *Drake v. City of Fort Collins,* 927 F.2d 1156, 1160 (10th Cir.1991) (explaining that applicant could prove prima facie case despite failure to meet purported requirement calling for two years of college education because employer did not strictly enforce the requirement); *Briggs v. Anderson,* 796 F.2d 1009, 1024 (8th Cir.1986) (explaining that employee could be qualified for promotion if employer permitted experience as substitute for Bachelor's Degree).

2. In addition, we note that the plaintiff does not attack the high school degree requirement as a "qualification standard[ ] ... that screen[s] out or tend[s] to screen out an individual with a disability or a class of individuals with disabilities." § 12112(b)(6).

3. At best, the defendant might have pointed to the staffing requisitions for Customer Service representatives at the defendant's Chicago facility, which reflect a high school diploma requirement. However, there is no evidence before us that shows that Chicago facility qualifications were the same for the Customer Service positions actually filled at the defendant's suburban "Home Entertainment" facility. Accordingly, when the evidence proffered to us is viewed in the light most favorable to the plaintiff, a genuine factual issue exists even as to the Customer Service positions actually filled.

4. Four of the seven positions relied upon by the plaintiff were filled after February 1993: Accounts Receivable Clerk, March 29, 1993; Secretary I, May 3, 1993; Collection Clerk, May 5, 1993; Accounts Receivable Clerk, May 24, 1993.

1993. Thus, simply because the positions were filled after February 1993 does not automatically render them irrelevant for purposes of proving a prima facie case.

Levy Circulating's final argument rehashes an earlier one: that the plaintiff's applications were in the nature of requests for reinstatement from her earlier termination—which occurred prior to the ADA's effective date—rather than new applications leading to new discriminatory acts. The defendant commits a disservice by addressing this previously-rejected argument regarding the ADA's applicability as an argument regarding the sole issue upon which we ordered supplemental briefing: whether Jablonski was qualified for a position available during the relevant period. We reject such subterfuge, and adhere to our prior decision on this argument.[5]

For the reasons stated above, we deny the defendant's motion for summary judgment. In addition, the parties shall file a joint pretrial order in open court at the status hearing set for February 23, 1996 at 10 a.m. It is so ordered.

5. *See Webb v. Indiana Nat'l Bank,* 931 F.2d 434, 437 (7th Cir.1991) ("A defendant cannot by virtue of its history of discrimination against an employee prevent that employee from complaining about new discriminatory acts. Only if the defendant has made clear that the plaintiff will not receive further consideration is the plaintiff on notice of a permanent exclusion. . . .").