**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

EDDIE BRUNSON, JR.,

      Petitioner-Appellant,

v.

DAVID R. McKUNE, Warden, Lansing
Correctional Facility; ATTORNEY GENERAL
OF THE STATE OF KANSAS,

      Respondents-Appellees.

No. 99-3296
(D. Kan.)
(D.Ct. Nos. 96-CV-3230-DES
&
96-CV-3352-DES)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

      [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Eddie Brunson, Jr., a state inmate appearing *pro se*, appeals the district court's decision dismissing his habeas corpus petition filed pursuant to 28 U.S.C. §2254. We deny Mr. Brunson's request for a certificate of appealability and dismiss the appeal.

Mr. Brunson received a sentence of fifteen to sixty years in prison following his conviction for three counts of aggravated burglary, two counts of felony theft, and one count of misdemeanor theft. Mr. Brunson unsuccessfully filed a direct appeal and later unsuccessfully sought post-conviction relief.

In his federal habeas petition, Mr. Brunson contended the state trial court erred in allowing the state to amend the charging complaint at the preliminary hearing by adding additional offenses committed on a different day.[1] However,

---

[1] The primary thrust of Mr. Brunson's petition centered on his allegation of ineffective assistance of counsel because his defense counsel failed to request a jury instruction on the lesser-included offense at trial, and because his appellate counsel, in his post-conviction proceedings, failed to raise or brief this error on appeal. The district court determined Mr. Brunson defaulted these claims at the state level and failed to show the requisite "cause and prejudice" or "manifest injustice" necessary for excusing his default. Because Mr. Brunson does not raise his ineffective assistance of counsel claim on appeal, we decline to address it. *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded *pro se* pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues.")

the federal district court determined his claim lacked merit because in his petition Mr. Brunson alleged only that the state court failed to comply with state procedure, but did not assert a deprivation of a fundamental right guaranteed by the United States Constitution, as required for federal habeas corpus relief. The district court also noted Kansas law allows amendment of a charging complaint prior to trial if no prejudice occurs.

In another, separately-filed federal habeas petition, Mr. Brunson also alleged constitutional error because the state court refused to convert his sentence to a determinative term under the Kansas Sentencing Guidelines Act of 1993, K.S.A. §§ 21-4701 to 4728, enacted after his conviction.[2] However, the district court determined Mr. Brunson's claim lacked merit because prison officials and the state court found Mr. Brunson's criminal history made him ineligible for sentence conversion under the guidelines, and based on the district court's own review of the applicable state law.

---

[2] In this petition, Mr. Brunson also alleged ineffective assistance of appellate counsel claiming his attorney failed to communicate his receipt of the Kansas Court of Appeals decision, which resulted in Mr. Brunson's inability to timely file a petition with the Kansas Supreme Court on this issue. Because Mr. Brunson also does not raise this ineffective assistance of counsel claim on appeal, we decline to address it.

On appeal, Mr. Brunson argues the district court erred in finding he did not allege any deprivation of a fundamental constitutional right resulting from improper amendment of the charging complaint. In support, Mr. Brunson contends the prosecution's amendment violated his Sixth Amendment rights by failing to provide him with adequate notice of the new charges against him. He also renews his contention the Kansas Sentencing Guidelines Act of 1993 applies to him and therefore, the state must redetermine his sentence.

We review the district court's factual findings under a clearly erroneous standard and its legal conclusions *de novo*. *Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999), *cert. denied,* 120 S. Ct. 944 (2000). "We may not grant habeas relief unless the state court's decision was: '(1) ... contrary to, or involved an unreasonable application of, clearly established federal law, ... or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* (quoting 28 U.S.C. §§ 2254(d)(1) and (d)(2)).

Applying these standards, we have carefully reviewed the record and must agree with the district court's decision. First, with respect to the charging complaint's amendment, Mr. Brunson initially alleged in his petition only that the

new charges "[a]ffected Petitioner's substantial rights." Even if we construe his *pro se* petition liberally and determine this lone, conclusory allegation somehow asserts a deprivation of a constitutional right, a review of the record clearly establishes Mr. Brunson has not alleged any additional facts sufficient to show any prejudice resulting from the amendment. While he now asserts, on appeal, a violation of his Sixth Amendment rights based on a lack of notice, he fails to otherwise show how this lack of notice detrimentally affected his defense. Moreover, the Kansas Court of Appeals reviewed Mr. Brunson's claim and determined even if a showing of prejudice could be made, Mr. Brunson did not assert any special circumstances excusing his failure to raise this issue on direct appeal.

Finally, with respect to Mr. Brunson's claim that the state must redetermine his sentence because the Kansas Sentencing Act applies to him, the district court presented a comprehensive analysis as to why this claim lacked merit, and therefore, we decline to duplicate its analysis here, other than to agree with the district court's conclusion.

Under the circumstances presented, we conclude Mr. Brunson fails to make a substantial showing of the denial of a constitutional right as required by 28

U.S.C. § 2253(c)(2). Thus, for substantially the same reasons set forth in the

district court's August 16, 1999 Memorandum and Order, we deny Mr. Brunson's

application for a certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge