**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 1 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

IRA B. SPELLS, JR.,

     Petitioner-Appellant,

v.

STEPHEN W. KAISER,

     Respondent-Appellee.

No. 99-6432
(W.D. Okla.)
(D.Ct. No. 98-CV-1120-T)

_____

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Appellant Ira B. Spells, Jr., a state prisoner appearing _pro se_, appeals the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's decision dismissing his petition filed pursuant to 28 U.S.C. § 2254, and denying his request for a certificate of appealability. In his petition, Mr. Spells claimed insufficient evidence supported his conviction for one count of distribution of cocaine base. We deny Mr. Spells' request for a certificate of appealability and dismiss his appeal.

The State tried Mr. Spells for one count of conspiracy to distribute cocaine base (Count 1) and one count of distribution of cocaine base (Count 2). The jury convicted Mr. Spells on Count 2. Mr. Spells unsuccessfully appealed his conviction to the Oklahoma Court of Criminal Appeals, which held sufficient evidence supported his conviction.

Shortly thereafter, Mr. Spells filed his § 2254 petition claiming insufficient evidence supported his conviction. The federal district court referred the matter to a magistrate judge who issued a Report and Recommendation, recommending dismissal of Mr. Spells' petition. In making this determination, the magistrate judge articulated the federal courts' limited standard of review for reviewing the sufficiency of evidence in state habeas actions and the applicable state law under which the jury convicted Mr. Spells. Applying these principles, the magistrate judge viewed the evidence presented at trial in the light most favorable to the

prosecution, as provided below.

On May 18, 1994, a government informant named Kevin Green attempted to purchase illegal drugs at apartments located in Oklahoma City, Oklahoma. As Mr. Green drove by the apartment complex, Mr. Spells "flagged" him down – which is often routine practice for individuals initiating a drug sale. After Mr. Spells approached the vehicle, Mr. Green asked Mr. Spells if he had a "proper forty," meaning $40 worth of cocaine base. Mr. Spells replied "yeah," entered Mr. Green's vehicle, and stated the person with the cocaine base (Mr. Sango) entered an apartment but would return soon. Mr. Spells said he was also waiting on "some." Thereafter, Mr. Spells called for Mr. Sango to come to Mr. Green's vehicle, and Mr. Spells exited the vehicle. Mr. Sango entered the vehicle and sold $40 worth of cocaine base to Mr. Green. After Mr. Sango exited the vehicle, he called to Mr. Spells and they walked away together.

The magistrate judge determined this evidence could lead a rational jury to find all the essential elements of distribution of cocaine base beyond a reasonable doubt, and constituted sufficient evidence to support Mr. Spells' conviction. After reviewing Mr. Spells' objections thereto, the district court adopted the magistrate judge's Report and Recommendation, dismissed Mr. Spells' petition

and denied his request for a certificate of appealability.

On appeal, Mr. Spells raises the same issue addressed by the district court concerning the sufficiency of the evidence supporting his conviction. He also raises, for the first time on appeal, an issue concerning the jury instructions given by the state court, claiming:

> The jury instructions were that Petitioner could not be found guilty of Count 2 without being found guilty of both Counts 1 and 2. I could not be found guilty of Count 1 and not guilty of Count 2, but not guilty of only Count 2. I was however, found guilty of Count 2. The jury did not follow the instructions.

We are unable to rule on the issue concerning the sufficiency of the evidence to support Mr. Spells' conviction. In reciting the facts of this case, the magistrate judge carefully referenced the record and evidence he viewed as most favorable to the prosecution, including the testimony of Mr. Green, a video tape from inside Mr. Green's vehicle, and the testimony of an Oklahoma City Police Officer. However, Mr. Spells did not provide this court a copy of the transcripts or video on which the magistrate judge relied. When the record fails to include copies of the documents necessary to decide an issue on appeal, we are unable to rule on that issue because to do so would be pure speculation. *See United States v. Vasquez*, 985 F.2d 491, 494 (10th Cir. 1993). Mr. Spells, as the appellant, is responsible for insuring the documents supporting his appeal are part of the

record. *Id.* at 495. Absent the documents necessary to review or substantiate Mr. Spells' allegation of error, we must defer to the state and federal district courts' decisions. *Id.* For that reason, we must agree with the magistrate judge's evaluation of the evidence as cited and determination the evidence sufficiently supports Mr. Spells' conviction.

The same is true with respect to Mr. Spells' unsupported and nonsensical argument concerning the jury instructions given at trial. First, he failed to provide this court a copy of the jury instructions at issue for our review. Second, despite the liberal construction afforded Mr. Spells' *pro se* pleadings, we generally will not consider an argument presented for the first time on appeal, *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992), or construct an argument for Mr. Spells absent coherent discussion of the issue in question. *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

For the these reasons, Mr. Spells fails to make a "substantial showing of the denial of a constitutional right" required to obtain a certificate of

appealability. 28 U.S.C. § 2253(c)(2). Accordingly, we deny his request for a

certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge