**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 3 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ALBERT CERVANTES,

     Plaintiff-Appellant,

v.

WAL-MART STORES, INC.,

     Defendant-Appellee.

No. 00-1058
(D.C. No. 98-D-2223)
(D. Colo.)

---

ORDER AND JUDGMENT   *

---

Before **BALDOCK, ANDERSON,**   and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

Plaintiff Albert Cervantes appeals from the district court's order granting

summary judgment to defendant in this case brought pursuant to 42 U.S.C. § 1981

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and §§ 2000e-2000e-17 (Title VII).  Because the record indicates that Mr. Cervantes made a prima facie showing and offered sufficient evidence of pretext to create a genuine dispute of material fact as to the validity of defendant's articulated reason for terminating him, we reverse and remand.

Mr. Cervantes, an Hispanic, was hired by defendant Wal-Mart in 1990. He was approached by a co-worker regarding an investment opportunity in the Friends and Family multi-level marketing scheme.  To enter, he had to invest $2,000.00 and could not could not cash out until a sufficient number of other entrants had entered the program. [1]  After he had made money during his period of participation, Mr. Cervantes admitted that he solicited another employee's participation after hours, but in her office.  When defendant learned of the solicitation, Mr. Cervantes was terminated along with thirteen other employees, twelve of whom were Hispanic.  After receiving a probable cause determination from the EEOC and the Colorado Civil Rights Division, Mr. Cervantes commenced this action alleging defendant had terminated him based on his race.

The district court granted summary judgment to defendant on the ground that Mr. Cervantes had not shown that his race was a motivating factor in his

---

[1]    Mr. Cervantes does not dispute that in actuality, Friends and Family was an illegal pyramid scheme.

termination. The court found that four similarly situated Anglos who were not terminated did not meet the conditions defendant had set forth for termination.

On appeal, Mr. Cervantes argues that the district court erred in finding that he had not established a prima facie case of race discrimination. He further contends that he did establish sufficient evidence of pretext and his case should have been permitted to proceed to trial.

We review the district court's ruling on a motion for summary judgment de novo, examining "the record to determine whether any genuine issue of material fact was in dispute" and whether "the substantive law was applied correctly." McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998) (quotation omitted).

In McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), the Court identified four factors a plaintiff must establish to set forth a prima facie case of discrimination. [2] The critical prima facie inquiry is whether the plaintiff has demonstrated that the adverse employment action occurred "under circumstances which give rise to an inference of unlawful discrimination." Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). In its analysis of

_____

[2] "While McDonnell Douglas involved a Title VII claim for failure to hire, the analytical framework it pioneered applies equally to claims brought pursuant to section 1981." Perry v. Woodward, 199 F.3d 1126, 1135 (10th Cir. 1999), cert. denied, 120 S. Ct. 1964 (2000). Thus, our discussion, infra, covers both of Mr. Cervantes' claims.

whether he had established a prima facie case, the district court determined that Mr. Cervantes had to show that (1) he belonged to a protected group; (2) he was performing satisfactorily, (3) he was subject to an adverse employment action, and (4) other, similarly qualified individuals who were not members of the suspect class, were treated more favorably.    The court held that Mr. Cervantes had not met the fourth prong as two Anglo workers similarly situated were also fired.

As we noted in  Perry , the Supreme Court has not required that a plaintiff meet the fourth factor identified by the district court.    See 199 F.3d at 1135-36. We have clarified the controlling factors a plaintiff must demonstrate to establish a prima facie case in a termination case.  The plaintiff must show that  (1) he belongs to a protected class; (2) he was qualified for his job; (3) despite his qualifications, he was discharged; and (4) the job was not eliminated after his discharge.  See id. at 1138.  The first three prongs are clearly met here.  As the parties did not analyze the case in this posture,    they did not address whether Mr. Cervantes's job was eliminated after his discharge.  It would appear that it was not.  On remand, the parties can establish this fact.  For our purposes here, we will accept that Mr. Cervantes has set forth a prima facie case of discrimination.

Once a plaintiff has established a prima facie case, the employer must set forth a non-discriminatory reason for its action.    Id. at 1135.  Defendant stated

that after beginning its investigation into the solicitation charges, it determined that any employee who admitted to illegal solicitation or who was named by two other associates as having engaged in illegal solicitation would be terminated. Defendant stated that it did not fire any employees for participating in a pyramid scheme, but rather for soliciting others to participate in the illegal scheme. Mr. Cervantes admitted that he had solicited a fellow employee for Friends and Family prior to his termination. Apparently, all the employees who were discovered to have solicited for Friends and Family on company property were terminated for violating company policy. [3]

At the same time the Friends and Family scheme was operating, another multi-level marketing scheme–Universal Network–was operating. Universal Network compensated its participants with commissions earned in the program and offered the sale of items of value which were sold to both members and non-members. Defendant maintains that Universal Network was not an illegal pyramid scheme and, thus, no one who solicited for it was terminated.

Defendant proffered non-discriminatory reasons for terminating Mr. Cervantes. Therefore, he must refute defendant's reasons by showing that a genuine dispute of material fact is present as to whether the employer's

---

[3] Of the sixty-four employees interviewed during the investigation, twenty-one were Hispanic. Fourteen employees were ultimately terminated, twelve of them were Hispanic.

proffered reasons are pretextual. Kendrick v. Penske Transp. Servs, Inc.,
220 F.3d 1220, 1230 (10th Cir. 2000). Pretext cannot be established by
allegations alone. Rather, Mr. Cervantes must demonstrate either that
"a discriminatory reason more likely motivated the employer or . . . that the
employer's proffered explanation is unworthy of credence." Burdine, 450 U.S. at
256; see also Drake v. City of Fort Collins, 927 F.2d 1156, 1160 (10th Cir. 1991)
(in responding to summary judgment motion, "plaintiff must raise a genuine
factual question as to whether defendants' reasons are pretextual").

"Evidence concerning the treatment of persons outside of the protected
class is . . . appropriately used in assessing whether a plaintiff has shown that the
defendant's justification for the discharge was pretextual." Kendrick, 220 F.3d at
1229 n.8. Mr. Cervantes contends that the two Anglos who were terminated were
not similarly situated to him. One Anglo apparently lied to investigators about his
participation in the scheme and Mr. Cervantes asserts that this initial lie caused
his termination. The other Anglo was not terminated until after she returned to
work following a voluntary layoff which was after Mr. Cervantes filed his charge
of discrimination. Mr. Cervantes also notes that other Anglo employees who
participated in the scheme were not fired. Defendant stated that these employees
were not similarly situated to Mr. Cervantes as they did not admit to the
solicitation nor did two other employees identify them as having solicited

participants. Thus, these employees did not meet defendant's criteria for termination.

Mr. Cervantes points out that both the Colorado Civil Rights Division and the EEOC determined that there was reasonable cause to believe that he had been discharged because he was Hispanic. As the district court stated in the pretrial order: "During the course of the investigation conducted by the Colorado Civil Rights Division, Wal-Mart presented evidence that showed that every Hispanic accused of solicitation was terminated while non-Hispanics who admitted to solicitation were not terminated. Based on this evidence, the CCRD found probable cause of discrimination. The Equal Employment Opportunity Commission concurred." Appellant's App. at 13.

In its order, the district court did not discuss this evidence. An EEOC report can be highly probative of the ultimate issues involved.

> [T]o ignore the manpower and resources expended on the EEOC investigation and the expertise acquired by its field investigators in the area of discriminatory employment practices would be wasteful and unnecessary.
>
> *The fact that an investigator, trained and experienced in the area of discriminatory practices and the various methods by which they can be secreted, has found that it is likely that such an unlawful practice has occurred, is highly probative of the ultimate issue involved in such cases.*

Smith v. Universal Servs, Inc. , 454 F.2d 154, 157 (5th Cir. 1972) (emphasis added).

Admittedly, a district court has discretion whether to admit an EEOC probable cause determination at trial.      See  Williams v. Nashville Network    , 132 F.3d 1123, 1128-29 (6th Cir. 1997);      Walker v. NationsBank of Fla. N.A.    , 53 F.3d 1548, 1554-55 (11th Cir. 1995);      see also  Chandler v. Roudebush   , 425 U.S. 840, 863 n.39 (1976) (a   dministrative findings regarding claims of discrimination are admissible in a trial de novo under Federal Rules of Evidence 803(8)(C), the public records and investigatory file exception to the hearsay rule).

Clearly the EEOC report has probative value.  On summary judgment, this report, which was already noted in the pretrial order, should have been addressed–along with the Colorado Civil Rights Division decision.  The court should have explained why it was according no credence to those reports.

Mr. Cervantes also contends he presented evidence that at least one racially hostile remark was made to him by a supervisor.  Apparently, defendant offers employees a choice of items when they have been accident free for a year. Mr. Cervantes and several other Hispanics chose black jackets.  The supervisor made the comment that "[i]t almost looks like the Mexican mafia out here." Appellant's App. at 75.  The timing of this remark is unclear.  It appears to be only a stray remark and may be of little probative value.      See Shorter v. ICG Holdings, Inc.  , 188 F.3d 1204, 1209-10 (10th Cir. 1999).

Mr. Cervantes contends that the first time defendant's employees were told that soliciting on company property was a terminable offense occurred after he was terminated. It appears that defendant would permit soliciting on company property for legal schemes, such as Universal Network, but not for illegal schemes such as Friends and Family, the one in which the Hispanics were involved.

The record shows that defendant had a policy that "engaging in non-work related activities during work time," including solicitation or distribution of literature, is not permitted. Id. at 130. The employee handbook states that dishonest and compromised integrity are causes for immediate termination. Id. at 126. It goes further to explain that dishonesty may include, among other things "misuse of the associate discount privilege or other improper transactions for personal gain." Id. at 128. These policy statements do not make it clear that solicitation for an illegal scheme warrants termination whereas solicitation for a legal scheme does not. A jury could find that defendant's decision to terminate plaintiff rested on a racially-based application of its policy.

On the record presented to us, Mr. Cervantes has presented sufficient "evidence that the defendant's proffered reason [for his termination] was pretexual–i.e. unworthy of belief, [thus, he] can withstand a summary judgment

motion and is entitled to go to trial." Kendrick, 220 F.3d at 1230. The judgment of the United States District Court for the District of Colorado is REVERSED and the case is REMANDED for further proceedings in accordance with this order and judgment. Mr. Cervantes' motion to file a supplemental appendix is DENIED. Although the plaintiffs in Pribble v. Wal-Mart, No. 98-CV-644, were Hispanics who were terminated by defendant at the same time as Mr. Cervantes for the same reasons, and although they prevailed at trial on their § 1981 claims, we do not take judicial notice [4] of that fact in determining whether Mr. Cervantes presented sufficient evidence to survive summary judgment.

Entered for the Court

Robert H. Henry
Circuit Judge

---

[4] Judicial notice "alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts." York v. AT&T, 95 F.3d 948, 958 (10th Cir. 1996) (quotation omitted); see also Fed. R. Evid. 201(b). Mr. Cervantes cannot take advantage of a jury's decision in a parallel case to relieve him of his duty to prove his case here.