**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARCUS A. MALEY,

        Plaintiff-Appellant,

v.

STATE OF KANSAS, SRS; Child
Support Collection Division; TRISHA
THOMAS,

        Defendants-Appellees.

No. 12-3248

(D. of Kan.)

(D.C. No. 2:12-CV-02511-CM-JPO)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

    Marcus A. Maley filed a civil rights suit, in which he is proceeding pro se

and in forma pauperis (IFP), against the State of Kansas, SRS, Child Support

Collection Division, and Trisha Thomas. He alleges violations of his civil rights

stemming from the garnishment of his social security disability benefits. He

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

appears to allege violations of 42 U.S.C. § 1994, which abolishes involuntary servitude, and 42 U.S.C. § 407, which generally prohibits the garnishment of social security disability benefits.

A magistrate judge issued a Report and Recommendation on the merits of his complaint. The Report noted that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may dismiss *sua sponte* an IFP action for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6). The magistrate judge found that Maley failed to state a claim. Maley provided no facts to substantiate his claims, beyond the mere fact that his disability benefits were being garnished. The magistrate judge noted that while 42 U.S.C. § 407 generally prevents garnishment of social security disability benefits, 42 U.S.C. § 659(a) makes an exception and allows such benefits to be garnished in fulfillment of child support and alimony obligations. This exception appeared to apply to Maley. Because Maley failed to provide specific factual averments, he could not make out a claim upon which relief could be granted. Maley filed an objection to the magistrate judge's Report.

The district court agreed with the magistrate judge's analysis. The statutes Maley cited did not entitle him to the relief he sought—apparently cessation of benefit garnishment, as well as restitution. Even construing Maley's complaint leniently, the court could not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927

-2-

F.2d 1156, 1159 (10th Cir. 1991) (citations omitted).  The additional citations to statutes provided in Maley's objection did not make out a claim either.  And amendment would be futile.  Maley could not "nudge[] [his] claims across the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Accordingly, the district court dismissed Maley's complaint.

Maley now appeals the district court's dismissal, and we exercise jurisdiction over his appeal under 28 U.S.C. § 1291.  After reviewing Maley's complaint, we are compelled to agree with the reasoning of the district court: Maley offers no plausible basis for relief.  Maley's arguments are almost nonexistent, and the principal grievance in his complaint—the garnishment of his social security disability benefits by the Kansas Child Support Collection Division—is meritless under 42 U.S.C. § 659(a).  Maley's conclusory allegations of defamation and negligence by Kansas state officials are not specific enough or supported by sufficient facts to make out a claim.  Accordingly, we AFFIRM the district court's judgment.

We also DENY Maley's letter of December 21, 2012, which has been construed as a motion to abate his case.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

-3-