**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 19, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANNETTE J. ALTSCHWAGER,

    Plaintiff - Appellant,

v.

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

    Defendant - Appellee.

No. 19-1240
(D.C. No. 1:18-CV-00280-WJM-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Pro se plaintiff Annette J. Altschwager appeals from the district court's order

granting summary judgment in favor of defendant Progressive Casualty Insurance

Company (Progressive) on her claims for age, gender, and disability discrimination,

as well as retaliation for engaging in protected activities. After Ms. Altschwager

failed to respond to Progressive's motion, the district court entered a memorandum

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

order, which explained there were no disputed material facts and Progressive was entitled to judgment as a matter of law. Because Ms. Altschwager has failed to adequately frame and develop any issues on appeal, we dismiss the appeal.

"While we . . . liberally construe *pro se* pleadings, an appellant's *pro se* status does not excuse [her of] the obligation . . . to comply with the fundamental requirements of the Federal Rules of . . . Appellate Procedure." *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). Rule 28(a)(8)(A) of the Federal Rules of Appellate Procedure requires the appellant's brief to contain an argument supported by citations to pertinent legal authorities and the parts of the record upon which she relies. There are no references to the record or any legal authorities cited in Ms. Altschwager's briefs; instead she lays out an unsubstantiated version of her experiences at Progressive and alleged "due process" defects in the discovery process, Aplt. Opening Br. at 2, without ever mentioning the district court's summary judgment order or where she raised the "due process" issues below.

To reverse the district court, we would have to comb the record and then construct arguments or theories for Ms. Altschwager, which we cannot do. *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). The failure to adequately frame and develop any issue is insufficient to invoke appellate review. *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

2

The appeal is dismissed.

Entered for the Court


Carolyn B. McHugh
Circuit Judge