UNITED STATES COURT OF APPEALS

**Filed 9/16/96**

FOR THE TENTH CIRCUIT

PAUL HENRY HORSTMANN;
BERTHA BEATRICE HORSTMANN,

Plaintiffs-Appellants,

v.

DONA ANA SAVINGS & LOAN
ASSOCIATION; SUNWEST BANK
OF LAS CRUCES; JOHN D.
PHILLIPS,

Defendants-Appellees.

No. 95-2271
(D.C. No. CIV-93-1375-LH)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before TACHA, ALDISERT,[**] and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  Therefore, appellants' request for oral argument is denied, and the case is ordered submitted without oral argument.

Appellants Paul Henry Horstmann and Bertha Beatrice Horstmann appeal the dismissal of their district court appeal from two bankruptcy court orders.  The district court, determining that appellants' notice of appeal was untimely pursuant to Fed. R. Bankr. P. 8002(a), dismissed the appeal for lack of jurisdiction.

We review the district court's dismissal for lack of jurisdiction de novo.  Weston v. Mann (In re Weston), 18 F.3d 860, 862 (10th Cir. 1994).  An appellate court has no jurisdiction absent a timely filed notice of appeal.  Id.

Appellants filed a notice of appeal to federal district court on November 22, 1993, challenging two bankruptcy court orders issued by the United States Bankruptcy Court for the District of New Mexico.  The first order, entered December 23, 1992, granted a motion by Ticor Title Insurance Company, assignee of appellee Dona Ana Savings and Loan Association, to release funds from appellants' bankruptcy estate in recognition of a state court judgment finding the funds did not belong to appellants.  The second order, entered November 10, 1993, denied appellants' seventh motion to reconsider and enjoined them from filing any further motions to reconsider.

Appellees filed motions to dismiss for lack of jurisdiction, contending that pursuant to Fed. R. Bankr. P. 8002(a), appellants' notice of appeal was untimely.[1] On September 1, 1995, the district court granted appellees' motion, finding that, because appellants' notice of appeal was filed outside the ten-day limit of Rule 8002(a), the court was without jurisdiction to entertain the appeal.

Appellants filed a motion to reconsider. In an order issued October 10, 1995, the district court granted appellants' motion and affirmed its prior dismissal of appellants' appeal, albeit for different reasons than those stated in the court's September 1, 1995 order. Appellants appeal to this court, and we affirm.

On appeal to this court, appellants do not assign error to the district court's decision that it lacked jurisdiction to decide their appeal, but instead, argue the merits of their district court appeal which are not properly before this court. Although we construe pleadings from pro se litigants liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), this court "will not construct arguments or theories for the plaintiff[s] in the absence of any discussion of those issues," Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991).

Therefore, for substantially the reasons stated in the district court's order dated October 10, 1995, the judgment of the United States District Court for the

---

[1]     Federal Rule of Bankruptcy Procedure 8002(a) provides that a notice of appeal from a bankruptcy court order shall be filed within ten days of the date of entry of the order.

District of New Mexico dismissing appellants' appeal is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Deanell Reece Tacha
Circuit Judge