F I L E D
United States Court of Appeals
Tenth Circuit

APR 28 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

————————————————

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAMES NORWOOD HUTCHING,

    Defendant-Appellant.

No. 98-7128
(E.D. Okla.)
(D.Ct. No. 97-CV-267-S)

————————————————

**ORDER AND JUDGMENT**[*]

————————————

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

————————————

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant James Norwood Hutching, a federal inmate appearing *pro se*,

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction and judgment. The district court granted his motion in part by reversing and vacating his conviction on two counts, but denied his motion as to the remaining counts and issues and denied his request for a certificate of appealability. Mr. Hutching appeals the district court's decision denying his motion on the remaining counts and issues. We deny Mr. Hutching's request for a certificate of appealability and dismiss his appeal.

The facts surrounding Mr. Hutching's conviction for involvement in a drug distribution conspiracy and related firearm and murder charges are set out in *United States v. McCullah*, 76 F.3d 1087, 1095-97 (10th Cir. 1996) (co-defendant's appeal). After conviction on twenty-six counts of a twenty-eight count indictment, Mr. Hutching received a sentence consisting of eight concurrent terms of life imprisonment, together with a concurrent forty-year term, ten concurrent five-year terms, two concurrent ten-year terms, and one consecutive thirty-year term. A direct appeal followed in which we affirmed the conviction and sentence but vacated a drug conspiracy count as a lesser included offense of a continuing criminal enterprise count. *See United States v. Hutching*, 75 F.3d 1453, 1460 (10th Cir.), *cert. denied*, 517 U.S. 1246 (1996).

Mr. Hutching then filed his § 2255 motion and memorandum in support thereof, contesting his conviction and sentence and alleging the following primary errors:

1.  Prosecutorial misconduct based on knowing use of perjured testimony, *Brady* violations, falsification of Federal Bureau of Investigation 302 reports, alteration of transcripts, improper use of testimony and charts by Federal Bureau of Investigation personnel, and inflammatory "testimony" and abusive closing remarks by the United States Attorney.

2.  Illegal use of  404(b) evidence.

3.  Ineffective assistance of trial and appellate counsel.

4.  Improper or unlawful enhancement of his sentence and insufficient evidence to support the counts resulting in his conviction.

The government filed a response in opposition to Mr. Hutching's § 2255 motion but conceded his conviction on Count 17 for possession of an unregistered machine gun and silencer in violation of 26 U.S.C. § 5861(d) must be reversed after passage of 18 U.S.C. § 922(o), which rendered his compliance with registration requirements impossible.  The district court reversed and vacated Mr. Hutching's conviction on Count 17, and in addition, dismissed and vacated his conviction on Count 22 for use of a firearm in relation to a drug trafficking

offense, in light of *Bailey v. United States*, 516 U.S. 137 (1995), and lack of evidence showing Mr. Hutching drove the vehicle in which the firearm was discovered.

Having presided over the trial, and after reviewing the trial and appellate records, the district court determined Mr. Hutching's ineffective assistance of counsel claims lacked merit because they failed to demonstrate any resulting prejudice. With respect to the remaining issues, the district court determined Mr. Hutching either failed to show a constitutional violation or failed to raise the remaining issues on direct appeal, thereby waiving his right to attack those issues in his § 2255 motion.

Mr. Hutching filed a motion for reconsideration, raising another claim of prosecutorial misconduct under 18 U.S.C. § 201(c)(2) in which he stated prosecutors improperly granted leniency to witnesses in exchange for their testimony. In support of his motion, he relied on a Tenth Circuit panel decision, *United States v. Singleton*, 144 F.3d 1343 (10th Cir. 1998). The district court denied the motion for reconsideration based on this court's *en banc* decision vacating the panel decision. *See United States v. Singleton*, 165 F.3d 1297 (10th Cir.), *petition for cert. filed*, (U.S. Mar. 31, 1999) (No. 98-8758).

On appeal, Mr. Hutching raises the same issues raised in his § 2255 motion, including his claim of ineffective assistance of counsel.[1]  Mr. Hutching also makes conclusory or general allegations of abuse of discretion by the district court, and denial of a fair trial, due process and equal protection of the law.

We begin by addressing Mr. Hutching's claim of ineffective assistance of counsel, which we review *de novo* as a mixed question of law and fact.  *See United States v. Prows*, 118 F.3d 686, 691 (10th Cir. 1997).  To prevail, Mr. Hutching must show his "'counsel's representation fell below an objective standard of reasonableness'" and the deficient performance prejudiced him.  *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).  To establish prejudice, he must show a reasonable probability exists that, but for his counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*

---

[1]  Mr. Hutching renews his claim of prosecutorial misconduct involving altered transcripts, inappropriate use of charts, improper conduct by Federal Bureau of Investigation agents, and improper closing remarks by the prosecuting attorney.  He also renews his argument concerning improper use of 404(b) evidence at trial, and his *Singleton* argument, alleging the government obtained convictions in violation of 18 U.S.C. § 201(c), and requesting that the eight witnesses paid for their testimony be barred from testifying against him in the event of a retrial.  Finally, he claims many of the counts on which he was convicted are not supported by the evidence or should be dismissed.  For the first time on appeal, Mr. Hutching raises jury issues not considered by the district court.  Because we generally do not consider issues not passed on in the trial court, *see Singleton v. Wulff*, 428 U.S. 106, 120 (1976), we decline to address Mr. Hutching's jury issues.

As Mr. Hutching is a litigant appearing *pro se*, we recognize his pleadings must be construed liberally and held to a less stringent standard than formal pleadings drafted by an attorney. *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)).

Mr. Hutching's claim of ineffective assistance of counsel centers primarily on his counsel's trial and appellate strategies, including his selection of issues briefed on appeal. In addition, Mr. Hutching alleges other innumerable errors by his counsel, including his alleged failure to read the transcripts, undue reliance on the co-defendant's counsel in preparing his brief, failure to follow Mr. Hutching's advice, and failure to object when the trial court did not sequester Internal Revenue Service and Federal Bureau of Investigation agents. In reviewing Mr. Hutching's claims of ineffective assistance of counsel, the district court determined he failed to show how his counsel's alleged errors prejudiced his case. We agree.

An attorney's trial and appeal strategies do not usually rise to the level of ineffective assistance of counsel. *See Strickland*, 466 U.S. at 690-91. Moreover, in determining whether his counsel's actions prejudiced his case, it is not enough for Mr. Hutching to allege his counsel's tactical strategies and other professional

errors caused some conceivable effect on the outcome of the proceeding. Mr. Hutching must show "there is a reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In other words, he must show that minus these errors, "the fact finder would have had a reasonable doubt respecting [his] guilt." *Id.* at 695. Given the extensive and highly incriminating evidence offered against Mr. Hutching, *see McCullah*, 76 F.3d at 1095-97 and *Hutching*, 75 F.3d at 1458-60, he fails to show how his counsel's alleged errors, when viewed under the totality of the circumstances, adversely affected his defense or resulted in the guilty verdict. *Strickland*, 466 U.S. at 695.

Having disposed of the ineffective assistance of counsel claim, we next turn to the remaining issues on appeal. Our *en banc* decision moots Mr. Hutching's *Singleton* issue and deserves no further discussion. The remaining issues were raised for the first time by Mr. Hutching in his § 2255 motion. We agree with the district court that Mr. Hutching could have raised these issues on direct appeal but failed to do so.[2] This failure bars him from now raising them in his § 2255

---

[2] Mr. Hutching had an opportunity during his direct appeal to raise the issues of which he now complains, and failed to do so. For instance, in his direct appeal, Mr. Hutching requested dismissal of Counts 18, 19, and 20, based on a multiplicity claim, s*ee Hutching*, 75 F.3d at 1459-60, but now requests dismissal of those same counts on his new claim he justifiably carried a firearm out of danger and fear. Likewise, on direct

motion unless he shows: (1) "cause excusing his procedural default and actual prejudice resulting from the errors of which he complains"; or (2) "a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993). Mr. Hutching has not shown cause excusing his procedural default nor made any claim that a fundamental miscarriage of justice will occur if his claims are not addressed. For that reason, we conclude Mr. Hutching waived his right of review of those issues.

We have also reviewed Mr. Hutching's general and conclusory allegations of abuse of discretion by the district court, and denial of a fair trial, due process and equal protection of the law. Despite the liberal construction afforded *pro se* pleadings, we generally will not consider Mr. Hutching's conclusory and unsupported allegations, *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981), nor construct arguments or theories for Mr. Hutching absent any coherent discussion of those issues. *Drake,* 927 F.2d at 1159. Nevertheless, because this is a criminal case and Mr. Hutching claims a constitutional violation, we have reviewed the record and can find no support for his general allegations of denial of a fair trial,

---

appeal, Mr. Hutching argued the prosecutor used highly prejudicial comments in his opening statement. *Id.* at 1460. He now complains the prosecutor used inflammatory testimony and inappropriate comments during the trial and his closing statement.

due process, or equal protection of the law.

Finally, in order to obtain a certificate of appealability, Mr. Hutching must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). In doing so, Mr. Hutching must demonstrate the district court's disposition of his § 2255 motion is debatable among jurists of reason, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings. *Id.* A review of the record establishes he fails to make the *requisite* showing for a certificate of appealability.

For these reasons, the request for a certificate of appealability is denied, and the appeal is **DISMISSED**.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge