**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARKIE LEE PEOPLES,

      Plaintiff-Appellant,

v.

OFFICER KIMMEY;
OFFICER STREETER,

      Defendants-Appellees.

No. 02-1109
(D.C. No. 01-M-535)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Markie Lee Peoples, proceeding pro se, appeals the district court's grant of summary judgment in favor of defendants on his claim that they used excessive force to arrest him, invoking 42 U.S.C. § 1983. The district court held that defendants were entitled to the defense of qualified immunity, which provides "immunity from suit from the outset." Despain v. Uphoff, 264 F.3d 965, 971 (10th Cir. 2001) (quotation and citation omitted). Mr. Peoples also complains that the district court refused to appoint counsel for him. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Facts

The facts are undisputed except for the circumstances surrounding the actual arrest of Mr. Peoples. He asserts that he was not a threat to police officers at the time they arrested him, and therefore, they used excessive force. Shortly after midnight on August 7, 2000, Mr. Peoples, a parolee, argued with his wife and struck her. R. doc. 12, Ex. C, at 1-2. Part of the altercation occurred on their apartment balcony. Id. A neighbor intervened and Mr. Peoples struck her in the face. Id. He also struck a fourteen-year-old neighbor boy. Id. Ex. C, at 1-2. His wife left their apartment. Mr. Peoples broke through the window of the apartment next door looking for her. Id. Ex. A, at 1. While there, he threatened the occupants with three knives he carried. Id. When the police arrived, he locked himself in his apartment. Id. Ex. C, at 2. The police attempted to negotiate with

Mr. Peoples for several hours during the very early morning of August 7, but he remained barricaded in his apartment.     Id.   He promised to emerge if his mother was brought to the scene, which she was, but still Mr. Peoples refused to end the stand-off.   Id. Ex. A, at 2.  During the hours of negotiation, Mr. Peoples announced that he had two firearms and knives and threatened to kill the first police officer who came through the door.     Id.

The incident ended when officers broke open the apartment door and subdued Mr. Peoples with a non-lethal, bean-bag gun and pepper spray.     Id. Ex. B, at 1-2.  Four shots were fired from the bean-bag gun because Mr. Peoples refused to be handcuffed until after the fourth shot, and even then, he did not submit until he was sprayed with pepper spray.     Id. Ex. B, at 2-3.  After he was handcuffed, he was transported to a hospital and then to jail.     Id.

Standards of Review

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).  Because plaintiff is

representing himself on appeal, his pleadings will be liberally construed. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

Excessive force claims are analyzed under the "objective reasonableness" standard of the Fourth Amendment. <u>Graham v. Connor</u>, 490 U.S. 386, 388 (1989). This standard presents the question of "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." <u>Id.</u> at 397. Whether an officer's conduct was reasonable is evaluated from the viewpoint of a reasonable officer at the scene, recognizing that split-second decisions must often be made under dangerous and uncertain conditions. <u>Medina v. Cram</u>, 252 F.3d 1124, 1131 (10th Cir. 2001). Factors to be considered include the severity of the crime, the suspect's potential threat to the safety of officers and others, and whether the suspect attempted to resist or evade arrest. <u>Olsen v. Layton Hills Mall</u>, 312 F.3d 1304, 1314 (10th Cir. 2002).

The objective reasonableness standard is related to the question of whether an officer is entitled to the defense of qualified immunity. Although these questions overlap, they remain distinct. <u>Saucier v. Katz</u>, 533 U.S. 194, 204 (2001). "The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct." <u>Id.</u> at 205. Therefore, "in addition to the deference officers receive on the underlying

constitutional claim, qualified immunity can apply in the event the mistaken belief was reasonable." Id. at 206. Once a defendant asserts he is entitled to qualified immunity, the burden shifts to the plaintiff to establish that the defendant's actions violated a constitutional or statutory right and that the right was clearly established. Holland ex rel. Overdorff v. Harrington, 268 F.3d 1179, 1185-86 (10th Cir. 2001), cert. denied, 535 U.S. 1056 (2002).

Analysis

In this case, Mr. Peoples asserts that issues of material fact precluded the grant of summary judgment. He alleges that the statement of Officer Kimmey that he was armed when the officer confronted him in the kitchen was contradicted by the statement of the evidence technician that there were knives on the family room floor and in the sink. See R. doc. 23, Ex. B, at 2. Mr. Peoples further claims that an additional issue of material fact was Officer Kimmey's failure to note that he was nude when confronted in his kitchen. See id., Ex. A.

Mr. People's appellate arguments focus solely on the events that transpired after the officers entered his apartment. But the events that occurred before he locked himself in his apartment established that the officers acted reasonably in applying force and that the amount of force they used was reasonable under the circumstances. He was a parolee who had assaulted his wife and two neighbors, broken into the apartment next door and threatened its occupants with knives, and

barricaded himself in his apartment for hours, threatening to kill officers who attempted to enter. After the officers entered his apartment, Mr. Peoples continued to resist arrest. The officers used non-lethal force to subdue him.

The evidence that Mr. Peoples had a knife in his hand did not conflict with the evidence that there were knives on the floor and in the sink. Even assuming he denies holding a knife at that point, whether he was holding a knife is not a *material* fact, given the threatening position he had taken throughout the stand-off. A dispute over a fact that would not affect the outcome of the suit will not defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Likewise, Officer Kimmey's failure to report that Mr. Peoples was nude at the time he was apprehended does not establish a dispute about a *material* fact. Thus, even if Officer Kimmey's failure to report that Mr. Peoples was nude constituted a disputed fact, it is irrelevant to assessing the reasonableness of the force used.

We hold that Mr. Peoples failed to satisfy his burden to overcome defendants' assertion of qualified immunity. He has not demonstrated that defendants' actions were objectively unreasonable in light of the facts and circumstances confronting them. Consequently, he has not shown that his Fourth Amendment rights were violated.

## Remaining Issues

Although Mr. Peoples did not provide an argument to support his claim that the district court erred in denying his request for appointment of counsel, we will address it. Cf. Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories" for a pro se litigant.) (citation omitted). We affirm the district court's decision not to appoint counsel because Mr. Peoples' claims are relatively straightforward and the law governing them is settled. "The decision to appoint counsel is left to the sound discretion of the district court, and we see no reason to disturb it in this appeal." Engberg v. Wyoming, 265 F.3d 1109, 1122 (10th Cir. 2001) (citation omitted), cert. denied, 535 U.S. 1001 (2002).

Mr. Peoples' motion to proceed without prepayment of costs and fees is granted. He is reminded that he is obligated to continue making partial payments until the entire fee has been paid.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-7-