FILED
**United States Court of Appeals**
**Tenth Circuit**

**February 4, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CURTIS EUGENE HORTON,

        Petitioner-Appellant,

v.

TERRY MARTIN, Warden,

        Respondent-Appellee.

No. 12-6116
(D.C. No. 5:11-CV-00401-F)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ, EBEL** and **MURPHY**, Circuit Judges.

---

Defendant-Appellant Curtis Eugene Horton, an Oklahoma state prisoner

proceeding pro se, seeks a certificate of appealability ("COA") in order to appeal the

denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We GRANT

Horton IFP status but, having carefully reviewed the record and Horton's arguments, we

conclude that Horton has failed to make a substantial showing of the denial of a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

constitutional right. We therefore DENY his request for a COA and DISMISS this appeal.

## BACKGROUND

Horton was convicted in Oklahoma state court of assault and battery with a deadly weapon and sentenced to thirty-five years' imprisonment after he shot and seriously wounded his estranged wife during a confrontation. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Horton's conviction. Horton then filed his § 2254 habeas petition in the United States District Court for the Western District of Oklahoma, seeking relief on six grounds. The district court denied Horton's petition and ruled that Horton was not entitled to a COA.[1] Horton raises only one issue on appeal: whether "the district court erred in its decision relating to [his] argument that the interjection of hearsay testimony [at trial] violated his rights under the Confrontation Clause."[2] Aplt. Br. at 1.

---

[1] Consistent with 28 U.S.C. § 636(b)(1)(B) & (C), the district court referred Horton's case to a magistrate judge for initial proceedings. The magistrate judge drafted a thorough report and recommendation addressing each of Horton's claims, and the district court adopted the magistrate judge's report in its entirety. Accordingly, this Order's discussion of the district court's reasoning actually refers to the magistrate judge's report and recommendation.

[2] Horton attempts to invoke three additional issues in his Combined Opening Brief and Application for a COA: (1) that "the district court's decision on his claims relating to the ineffective assistance of his trial attorney was in error"; (2) that "the district court's decision regarding the excessiveness of his sentence was in error"; and (3) that "the district court's decision regarding the cumulative trial court errors was incorrect and unreasonable." Aplt. Br. at 1. However, Horton provides no argument or authority for any of those assertions; he dedicates his entire pro se brief to his Confrontation Clause claim. Accordingly, we limit our review to that claim. See Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir.1991) ("Despite the liberal construction afforded pro se

Continued . . .

# DISCUSSION

## I. Standard of Review

This Court lacks jurisdiction to consider the merits of a habeas appeal unless we grant the applicant a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). "This standard requires an applicant to show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further . . . ." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). And where, as in this case, the state court addressed the merits of the applicant's claims, the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA's") "deferential treatment of state court decisions must be incorporated into our consideration of a . . . petitioner's request for COA." Dockins v. Hines, 374 F.3d 935, 937-38 (10th Cir. 2004). Under AEDPA, habeas relief is available if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2).

---

pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues.").

## II. Confrontation Clause

Horton argues, as he did before the OCCA and the district court, that his Confrontation Clause rights were violated when the trial court permitted the prosecution to cross-examine Horton's character witness with "police reports and affidavits," when "[n]either the alleged victim [n]or the law enforcement officer who prepared the report was called to testify to the validity of the information contained within the report." Aplt. Br. at 3; Aplt. App. at 8-9. Horton contends that, in a "thinly veiled effort to skirt the rules against hearsay," the prosecution used the police report to "attempt[] to prove that Appellant actually committed the alleged acts" contained therein.[3] Aplt. Br. at 4. Horton argues that the introduction of this "testimonial hearsay" evidence violated clearly established Supreme Court precedent as dictated by Crawford v. Washington, 541 U.S. 36, 52 (2004) ("Statements taken by police officers in the course of interrogations are . . . testimonial . . . ."), and Davis v. Washington, 547 U.S. 813, 822 (2006) ("Statements are . . . testimonial when the circumstances objectively indicate that . . . the primary purpose of [an] interrogation is to establish or prove past events potentially relevant to later criminal prosecution.").

---

[3]     Horton also complains that the "information on that incident was supposed to have been sealed and expunged upon Appellant remaining trouble-free for a period of 90 days, which Appellant successfully completed." Aplt. Br. at 2-3. However, Horton fails to provide any authority holding that such a fact is legally relevant to his Confrontation Clause claim, and we find no authority for this proposition to be immediately apparent.

The OCCA rejected Horton's argument, holding that the prosecution's use of the police report during cross-examination was permissible as "a proper method of impeaching [Horton's] character witness." Doc. 7-3 at 10. The district court agreed, noting that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted," Crawford, 541 U.S. at 59 n.9, and that the prosecutor was not attempting "to prove that Petitioner actually committed the alleged acts" contained in the police reports, but rather "to impeach Petitioner's character witness who had just testified to Petitioner's non-violent nature," Mag. Op. at 10; accord Davis, 547 U.S. 813, 823 (holding that the Confrontation Clause applies only to testimonial hearsay); United States v. Faulkner, 439 F.3d 1221, 1226 (10th Cir. 2006).

We conclude that the OCCA's disposition of Horton's Confrontation Clause claim was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. The Supreme Court cases Horton invokes stand for the proposition that introduction of testimonial hearsay without an opportunity for cross-examination violates the Confrontation Clause; Horton points to no authority suggesting that the OCCA's adjudication of his Confrontation Clause claim (which was predicated only on a prosecutor's questions attempting to impeach a character witness) contradicted or unreasonably applied that or any other principle of clearly established federal law. Additionally, after careful review of the record before us, we cannot say that the OCCA's

5

conclusion "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." <u>See</u> 28 U.S.C. § 2254(d)(1) & (2).

## CONCLUSION

Therefore, we GRANT Horton's motion to proceed IFP, but we DENY his request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge