**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 18, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL SEAN EDMOND,

      Plaintiff - Appellant,

v.

RICK RAEMISCH, ALLISON
SWEENEY-HOOVER; TIM HAND;
ANTHONY YOUNG; JAMES MEYER;
BIJOU TREATMENT & TRAINING
INSTITUTE; COLORADO BOARD OF
PAROLE,

      Defendants - Appellees.

No. 13-1514
(D.C. No. 1:11-CV-00248-RBJ-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Michael Sean Edmond, proceeding pro se, appeals from the district court's

judgment against him in his civil rights suit under 42 U.S.C. § 1983 and its denial of

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his post-judgment motion under Fed. R. Civ. P. 59 and 60(b). Exercising jurisdiction under 28 U.S.C. §1291, we affirm.

## *Background*

Mr. Edmond was convicted of a Colorado felony offense and sentenced to ten years in prison plus five years mandatory parole. He was also convicted of a Colorado misdemeanor sex offense and sentenced to one year of imprisonment, to be served concurrently to the ten-year sentence.

He was paroled on January 14, 2010, under a parole agreement that required him to participate in sex offender treatment and restricted him from any contact with anyone under the age of 18, including his own children. His parole officer referred him to Bijou Treatment & Training Institute (BTTI) for treatment. But he was discharged from BTTI's program and his parole was revoked in the summer of 2010. He was again paroled on September 21, 2010, under a second parole agreement, which also had the treatment and no-contact provisions, and he was readmitted into BTTI's program.

While under the restrictions in the second agreement, Mr. Edmond filed this lawsuit, raising two issues relevant to this appeal. First, he alleged that the defendants violated his constitutional rights by imposing the treatment and child-restriction parole conditions without first providing him a sex offender specific evaluation, including a Parental Risk Assessment (PRA). Second, he alleged that pursuant to Colorado statute, he was entitled to a payment of $100 upon release to

parole in 2010. With regard to this claim, he sought an award of $89.50 (the $100 release payment less $10.50 that he had to pay for an identity card) from the executive director of the Colorado Department of Corrections (CDOC).

The district court dismissed numerous claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), including all of the claims against BTTI and its executive director and most of the claims against the CDOC defendants. But the court allowed one claim to proceed against certain CDOC defendants: that Mr. Edmond's constitutional right to due process was violated when he was required to participate in sex offense treatment and precluded from contact with his children, without having been given a sex offense specific evaluation and PRA. As to this claim, Mr. Edmond had requested declaratory and injunctive relief.

During the litigation, Mr. Edmond's parole again was revoked. In the summer of 2012 he was incarcerated, and then on November 1, 2012, he was returned to parole under the terms of a third parole agreement. The third parole agreement did not originally require sex offender treatment, but later was modified to include such treatment as a condition of parole. Like the earlier parole agreements, the third agreement also prohibited Mr. Edmond from contact with children.

In the summer of 2013, the magistrate judge noted that Mr. Edmond's complaint focused on his second parole agreement, which had been superseded by the third parole agreement. Because Mr. Edmond sought only declaratory and injunctive relief, but was no longer subject to the second parole agreement, she ordered him to

- 3 -

show cause why his due process claims should not be dismissed as moot. After he responded, she recommended that the district court dismiss the claims as moot; the district court agreed and dismissed the due process claims and the action without prejudice for lack of subject matter jurisdiction. It later denied his post-judgment motions to amend his complaint and for reconsideration under Rules 59 and 60(b). The latter motion indicated that Mr. Edmond's parole had been revoked again in 2013, and that just after the court dismissed the action, he had entered into a fourth parole agreement.

*Analysis*

## I.    Dismissal of BTTI and Mr. Meyer

Mr. Edmond first challenges the district court's Rule 12(b)(6) dismissal of BTTI and its executive director James Meyer. Accepting the magistrate judge's recommendation, the district court held that Mr. Edmond's complaint failed to show that BTTI and Mr. Meyer were state actors who were subject to suit under § 1983. On appeal, Mr. Edmond asserts that the district court should have employed a certain test to determine that the defendants were state actors. This argument, however, is the first time that Mr. Edmond has tackled the state-actor issue. He did not respond to defendants' motion to dismiss, and his objections to the magistrate judge's report and recommendation failed to address the recommendation regarding BTTI and Mr. Meyer. Under this court's firm waiver rule, "[t]he failure to timely object to a magistrate's recommendations waives appellate review of both factual and legal

questions." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (internal quotation marks omitted). We conclude that neither exception to the firm waiver rule applies, *see id.*, and consequently Mr. Edmond has waived appellate review of the dismissal of the claims against BTTI and Mr. Meyer.

**II.     Dismissal of Claim for Parole-Release Payment**

With regard to the parole-release payment, Mr. Edmond not only relies on Colorado statute, but also he asserts that the court should have taken judicial notice of a certain CDOC regulation. He asserts that the regulation imposes a duty on the executive director to provide the parole-release payment. Our review of Rule 12(b)(1) and 12(b)(6) dismissals is de novo. *See Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004) (per curiam).

The district court correctly dismissed the official-capacity claim as barred by the Eleventh Amendment. *See Edelman v. Jordan*, 415 U.S. 651, 664-69 (1974).

As for the individual-capacity claim, we disagree with Mr. Edmond that the Colorado regulation (which he invoked for the first time in his objections to the report and recommendation) places any duty upon the executive director personally to make a parole-release payment. Moreover, the complaint failed to establish any plausible facts showing the then-executive director's personal participation with regard to the payment (or, more precisely, the lack thereof). "But § 1983 imposes liability for a defendant's own actions—personal participation in the specific

- 5 -

constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011).

Mr. Edmond points out that pro se litigants are entitled to liberal construction of their pleadings and suggests that the district court should have read this claim as requesting mandamus relief under 28 U.S.C. § 1361. Liberal construction, however, does not require the court to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

## III. Dismissal of Due Process Claims as Moot

Mr. Edmond also challenges the dismissal for mootness. We review issues of constitutional mootness de novo. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1122 (10th Cir. 2010).

"Our Article III case-or-controversy requirement continues through all stages of federal judicial proceedings. . . . In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *City of Herriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010) (internal quotation marks omitted). Given that Mr. Edmond's complaint sought declaratory and injunctive relief with regard to a parole agreement that was no longer in effect, the district court correctly considered the due process claims to be moot.

In arriving at its conclusion, the district court rejected a suggestion that the circumstances fit the mootness exception for disputes "capable of repetition, yet

evading review." This exception "applies where (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Id.* at 1181 (brackets and internal quotation marks omitted).

The district court did not err in rejecting this exception. It is true that Mr. Edmond's past parole periods have been short and the same conditions keep being imposed each time he is re-released. But that does not mean that the conditions will evade review, as he is free to initiate a new lawsuit challenging the current conditions of parole. We will not presume his current parole will be as short as his past paroles; it is within his control to comply with the conditions of parole and avoid future parole revocations, thus allowing the current conditions of parole to be litigated. *Cf. McAlpine v. Thompson*, 187 F.3d 1213, 1217 (10th Cir. 1999) (prison-conditions claim for injunctive relief moot; court would not assume prisoner would have his supervised release revoked and would be placed back in prison).

Mr. Edmond also asserts that if successful he would be entitled to nominal damages, which would negate mootness. But his complaint did not seek an award of nominal damages. *See Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982) (per curiam) (claim for pretrial bail was moot after conviction; prisoner "no longer had a legally cognizable interest in the result in this case" because "[h]e had not prayed for damages"). In addition to requesting declaratory and injunctive relief, the complaint

did generally request all other appropriate relief, but the district court was not obligated to construct an argument for nominal damages for him. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."); *Drake*, 927 F.2d at 1159. And even after suggesting the possibility of nominal damages in his objections to the recommendation, Mr. Edmond failed to request leave to pray for such damages in his subsequent motion to amend his complaint.

## IV.    Denial of Post-Judgment Motion

Finally, Mr. Edmond argues that the district court erred in denying his motion for reconsideration under Rules 59 and 60(b). As part of this argument, he also asserts that the district court should have granted his post-judgment motion to amend. We review these decisions for abuse of discretion. *See Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 789 (10th Cir. 2013). Under this standard, "a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

There was no abuse of discretion. The post-judgment motion to amend failed to describe the proposed amendments with particularity, *see* Fed. R. Civ. P. 7(b)(1)(B), and the district court had a well-founded concern about avoiding "a rolling complaint that continually changes as orders are issued." R. Vol. 3 at 143.

- 8 -

Arguably the Rule 59/60(b) motion presented new evidence (that Mr. Edmond had entered into a fourth parole agreement), which is an appropriate ground for Rule 59(e) relief, *see Phelps*, 122 F.3d at 1324. But rather than requiring reconsideration, that information could reasonably be perceived as reinforcing the district court's concerns about mootness and avoiding a "rolling complaint." Moreover, as the district court stated with regard to the motion to amend, nothing prevented Mr. Edmond from filing a new action, with a new complaint addressing the facts and circumstances as they then stood.

### *Conclusion*

Mr. Edmond's motion to proceed in forma pauperis is granted. The judgment of the district court is affirmed.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge